IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| OUR ALCHEMY, LLC, | Case No. 16-11596 (KG) |
| Debtor. | |
| In re: | Chapter 7 |
| ANDERSON DIGITAL, LLC, | Case No. 16-11597 (KG) |
| Debtor. | |

GLOBAL NOTES, METHODOLOGY AND SPECIFIC
DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Introduction

Our Alchemy, LLC and Anderson Digital, LLC (collectively, the "**Debtor*s***" ), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**", and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements.  The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publically filed or otherwise).  Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis, unlike in its normal format of a consolidated financial statement.

In preparing the Schedules and Statements, the Debtors relied upon information derived

1

from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

The Debtors, their officers, employees, agents and attorneys do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents and attorneys expressly do not undertake any obligation to update, modify revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of each Debtor. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

<u>Global Notes and Overview of Methodology</u>

1. <u>Reservation of Rights</u>. Reasonable best efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the

LEGAL\27775310\1

Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 7 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

The listing in the Schedules or Statements (including, without limitation, Schedule B, Schedule F or Statement 4) by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

2. <u>Description of Cases and "as of" Information Date</u>. On July 1, 2016 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court. On or around the Petition Date, the Office of the United States Trustee appointed George L. Miller as the Chapter 7 Trustee (the **"Trustee"**) to the Estates of the Debtors. On July 1, 2016, a Notice of Petition Deficiency was filed by the Clerk of the Court in each of the Debtors' Bankruptcy Cases. The Notice of Petition Deficiency requires each Debtor to file the Schedules and Statements by July 15, 2016. On July 14, 2016, the Trustee filed a Motion for Order to (1) Extend Time for the Debtors to File Schedules and Statement of Financial Affairs, and (2) upon the Debtors' Failure to File Within the Extension Period Authorizing Chapter 7 Trustee to Prepare and File Debtors' Schedules and Statement of Financial Affairs and Approving Trustee's Reimbursement of Expenses Incurred as an Administrative Expense (the "**Schedules Extension Motion**") [D.I. 20]. The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of May 31, 2016, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of June 30, 2016.

3. <u>Net Book Value of Assets</u>. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of <u>May 30, 2016</u>, in the Debtors' books and records. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes do not appear in the Schedules and Statements as they have no net book value. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

3

4.  <u>Recharacterization</u>.  Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.  <u>Real Property and Personal Property-Leased</u>.  The Debtors leased headquarters space located at 5900 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90036 from 5900 Wilshire LLC for 5 years until the lease expired on June 2016.  The Debtors then sub-leased transitional space at 5900 Wilshire Boulevard, 27th Floor, Los Angeles, CA 90036 from Marketcast LLC on a month-to-month basis starting in June, 2016.

6.  <u>Excluded Assets and Liabilities</u>.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

LEGAL\27775310\1

7. <u>Insiders</u>.  Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) equity holders holding in excess of 5% of the voting securities of the Debtor entities of who the Debtors were aware of; (c) Debtor/ non-Debtor affiliates; and (d) relatives of any of the foregoing (to the extent known by the Debtors).  Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules and Statements, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether the Debtors or such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

8. <u>Intellectual Property Rights</u>.  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

   In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor or by an affiliate.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9. <u>Executory Contracts and Unexpired Leases</u>.  Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

   Moreover, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damage claims; the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

10. <u>Materialman's/Mechanic's Liens</u>.  The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

11. <u>Classifications</u>.  Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F Part 1 as "priority," (c) Schedule E/F Part 2 as "unsecured," or (d) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

12. <u>Claims Description</u>.  Schedules D and E/F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

13. <u>Causes of Action</u>.  Despite their reasonable best efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

14. <u>Summary of Significant Reporting Policies</u>.  The following is a summary of significant reporting policies:

    a.    <u>Undetermined Amounts</u>.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.    <u>Totals</u>.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

6

      c.     <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15. <u>Estimates and Assumptions</u>.  Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual results could differ from those estimates, perhaps materially.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

16. <u>Currency</u>.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17. <u>Global Notes Control</u>.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

<u>Specific Disclosures with Respect to the Debtors' Schedules</u>

Schedule A/B.  All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of May 31, 2016 unless otherwise noted below.

    <u>Schedule A/B3</u>.  Cash values held in financial accounts are listed on Schedule A/B3 as of June 17, 2016.  The Debtors no longer has access to these bank accounts post June 17, 2016.

    <u>Schedule A/B11.</u>  Doubtful or Uncollectable Accounts, in the amount of $187,000, for accounts receivable over 90 days old was valued as of December 31, 2015.  Certain large retail customers have since stopped paying the Debtors, pending resolution of the remaining inventory and open payables to the Debtors.  However, as Debtors' visibility to all bank activities was terminated by lenders on or around June 17, 2016 and there has been a material deterioration of receivables collectability, determining the additional bad debt/disputed collections as of the Petition Date would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not performed additional analyses for the Doubtful or Uncollectable Accounts.

    <u>Schedule A/B15</u>.  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedules A/B15 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

7

Schedule A/B62 and A/B64.   Licenses and other Intellectual Property listed in Schedules A/B62 and A/B64 have an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.  Nothing herein or in the Schedules and Statements shall be construed as  an admission or acknowledgment by the Debtors that any particular intellectual property  is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy  Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

Schedules A/B74 and A/B75.   The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

Schedule D.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each Claim.  All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of May 31, 2016, as the Debtors no longer had visibility to the bank account activities post June 17, 2016.

Schedule E. The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtors reserve their right to dispute the priority status of any claim on any basis. The Debtors have listed certain taxing authorities with an undetermined amount. These claims do not constitute an admission of any taxes owing and are listed on Schedule E for the purpose of notice only.

Schedule F. The Debtors have used reasonable best efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.

The Claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

The Debtors expressly incorporate by reference into Schedule F all parties to pending litigation listed in 7 of the Debtors' Statements as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

Schedule G. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

<u>Specific Disclosures with Respect to the Debtors' Statements</u>

Statement 1. Anderson Digital 2016 revenue amount appears low due to the digital item numbers that weren't set up in new accounting system pursuant to the acquisition. As a result, there are large amounts of unapplied cash receipts in the Accounts Receivable that are not yet recognized as revenue.

Statement 3. Statement 3 includes any disbursement or other transfer made by the Debtors. All disbursements listed on Statement 3 are made through the Debtors' cash management system.

LEGAL\27775310\1

<u>Statement 4</u>  Debtors have included all consulting and payroll distributions and expense reimbursements, aggregated by date, made over the twelve months preceding the Petition Date to any individual that may be deemed an "Insider" (as defined in section 101(31) of the Bankruptcy Code) when the Debtors have either made or been charged for such payments.  To the extent that former officers did not qualify as Insiders at the time of the transfer, such benefits and payments are not included in the Schedules and Statements.  The listing of a party as an Insider in the Schedules and Statements, however, is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses are hereby expressly reserved.

<u>Statement 7</u>.  Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum.  Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

<u>Statements 20/21</u>.  There are approximately 27 million DVD and Blue-Ray units held at the Sony DADC facility in Bolingbrook, IL and various digital DVD and Blue-Ray master and digital theatrical print held at over a dozen off-premises facilities.  While these inventories are largely owned by the Debtors, properties owned by third party vendors are also held at these facilities.  Due to the large number of DVD and Blue-Ray inventories and lack of personnel post-Chapter 7 filing, the review to determine properties held for third parties is still ongoing.

<u>Statement 30</u>.  Unless otherwise indicated in a Debtor's specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

\*   \*   \*

11

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | |
| OUR ALCHEMY, LLC | Case No. 16-11596 (KG) |
| Debtor. | |
| | Chapter 7 |
| In re: | |
| ANDERSON DIGITAL, LLC | Case No. 16-11597 (KG) |
| Debtor. | |
| | Chapter 7 |

**CHAPTER 7 TRUSTEE'S DISCLAIMERS REGARDING THE DEBTORS'**
**SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL**
**AFFAIRS**

The Chapter 7 Trustee, George L. Miller (the "Trustee"), hereby submits the Statement of Financial Affairs (the "SOFA") and Schedules of Assets and Liabilities (the "Schedules"), in accordance with the *MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE FOR ORDER (1) EXTENDING TIME FOR THE DEBTORS TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS, AND (2) UPON THE DEBTORS' FAILURE TO FILE WITHIN THE EXTENSION PERIOD AUTHORIZING CHAPTER 7 TRUSTEE TO PREPARE AND FILE DEBTORS' SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS AND APPROVING TRUSTEE'S REIMBURSEMENT OF EXPENSES INCURRED AS AN ADMINISTRATIVE EXPENSE* and pursuant to 11 U.S.C. §521 and Federal Rule of Bankruptcy Procedure 1007 for the above-named debtors (collectively, the "Debtors"). The following disclaimers regarding the SOFA and Schedules are fully incorporated into and made part of the SOFA and Schedules and should be referred to and considered in connection with any review of the SOFA and Schedules.

The Trustee has no personal knowledge of the Debtors' financial affairs as of the date of bankruptcy. No Debtor representative is available or willing to sign the SOFA and Schedules on behalf of the Debtors. The SOFA and Schedules were not prepared by the Trustee or his

professionals but instead were prepared by Epiq Systems, Inc., who was retained by the Debtors prior to the date of bankruptcy to assist the Debtors in preparing the SOFA and Schedules and certain former Debtor personnel.

The GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS attached hereto are also fully incorporated into and made part of the SOFA and Schedules and should be referred to and considered in connection with any review of the SOFA and Schedules.

**Fill in this information to identify the case:**

Debtor    OUR ALCHEMY, LLC

United States Bankruptcy Court for the:  DELAWARE

Case number    16-11596
(if known)

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
| --- | --- |

1. **Gross revenue from business**

   ☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From 1/1/2016 | To 6/30/2016 | ☑ Operating a business<br>☐ Other | $26,721,171.00 |
| For prior year: | From 1/1/2015 | To 12/31/2015 | ☑ Operating a business<br>☐ Other | $71,524,000.00 |
| For the year before that: | From 1/1/2014 | To 12/31/2014 | ☑ Operating a business<br>☐ Other | $55,668,000.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None

   SEE ATTACHED EXHIBIT 3

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None

   SEE ATTACHED EXHIBIT 4

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☑ None

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☑ None

---

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

   ☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| ANCONNECT, LLC AND ANDERSON MERCHANDISERS, LLC V. OUR ALCHEMY, LLC<br>**Case number**<br>N16C-02-152 WCC [CCLD] | ACCOUNT RECONCILIATION DISPUTE | NEW CASTLE COUNTY SUPERIOR COURT (DELAWARE)<br>500 NORTH KING STREET<br>WILMINGTON, DE 19801 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| BAUTE CROCHETIER & GILFORD LLP V. OUR ALCHEMY, LLC<br>**Case number**<br>BC610583 | UNPAID LEGAL FEES DISPUTE | LA COUNTY SUPERIOR COURT (CALIFORNIA STATE COURT)<br>111 NORTH HILL STREET<br>LOS ANGELES, CA 90012 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| BILLION DOLLAR BOY LIMITED V. OUR ALCHEMY, LLC<br>**Case number**<br>16M04402 | UNPAID INVOICE DISPUTE | LA COUNTY SUPERIOR COURT (CALIFORNIA STATE COURT): SMALL CLAIMS COURT<br>111 NORTH HILL STREET<br>LOS ANGELES, CA 90012 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| DREAMWORKS ANIMATION HOME ENTERTAINMENT, INC. V. OUR ALCHEMY, LLC, ANCONNECT, LLC, ANDERSON MERCHANDISERS, LLC<br>**Case number**<br>JAMS REF. NO. 1220053855 | CONTRACT DISPUTE | JAMS/LOS ANGELES<br>555 WEST FIFTH STREET<br>GAS COMPANY TOWER<br>LOS ANGELES, CA 90013 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| FLASH ELECTRONICS, INC. A/K/A FLASH DISTRIBUTORS V. ALCHEMY, LLC F/K/A MILLENNIUM MEDIA SERVICES, INC. AND MILLENNIUM ENTERTAINMENT, LLC F/K/A FIRST LOOK STUDIOS, INC.<br>**Case number**<br>514402/2015 | ACCOUNT RECONCILIATION DISPUTE | KINGS COUNTY SUPREME COURT (NEW YORK STATE COURT)<br>360 ADAMS STREET<br>BROOKLYN, NY 11201 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| FOUR IN A BILLION PICTURES, LLC V. OUR ALCHEMY, LLC<br>**Case number**<br>BC616062 | CONTRACT DISPUTE | LA COUNTY SUPERIOR COURT (CALIFORNIA STATE COURT)<br>111 NORTH HILL STREET<br>LOS ANGELES, CA 90012 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| FUNIMATION PRODUCTS LTD V. OUR ALCHEMY, LLC, ANCONNECT, LLC,<br>**Case number**<br>DC-16-03539 | CONTRACT DISPUTE | DALLAS COUNTY DISTRICT COURT (TEXAS STATE COURT)<br>600 COMMERCE ST<br>DALLAS, TX 75202 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| GPL SOLUTIONS V. OUR ALCHEMY, LLC<br>**Case number**<br>16M03506 | UNPAID INVOICE DISPUTE | LA COUNTY SUPERIOR COURT (CALIFORNIA STATE COURT): SMALL CLAIMS COURT<br>111 NORTH HILL STREET<br>LOS ANGELES, CA 90012 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| GRAVITAS VENTURES, LLC V. OUR ALCHEMY, LLC<br>**Case number**<br>BC615028 | PARTICIPATIONS DISPUTE | LA COUNTY SUPERIOR COURT (CALIFORNIA STATE COURT)<br>111 NORTH HILL STREET<br>LOS ANGELES, CA 90012 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| JOHN AVAGLIANO V. OUR ALCHEMY, LLC<br>**Case number**<br>BC616514 | WRONGFUL TERMINATION SUIT | LA COUNTY SUPERIOR COURT (CALIFORNIA STATE COURT)<br>111 NORTH HILL STREET<br>LOS ANGELES, CA 90012 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| KEY PIX V. ANDERSON DIGITAL, LLC AND OUR ALCHEMY, LLC<br>**Case number**<br>1220053208 | ACCOUNT RECONCILIATION DISPUTE | JAMS/LOS ANGELES<br>555 WEST FIFTH STREET<br>GAS COMPANY TOWER<br>LOS ANGELES, CA 90013 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| KEY PIX V. OUR ALCHEMY, LLC, VIRGO INVESTMENT GROUP, LLC, JESSE WATSON, SCOTT GUTHRIE, KELLY SUMMERS, PATRICK FITZGERALD<br><br>**Case number**<br>SC125615 | DISPUTE OVER UNEXECUTED 3-PICTURE DEAL | LA COUNTY SUPERIOR COURT (CALIFORNIA STATE COURT) 1725 MAIN STREET SANTA MONICA, CA 90401 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| KINOLOGY SAS V. OUR ALCHEMY, LLC<br><br>**Case number**<br>JAMS REF. NO. 1220053494 | UNPAID ADVANCE DISPUTE | JAMS/LOS ANGELES 555 WEST FIFTH STREET GAS COMPANY TOWER LOS ANGELES, CA 90013 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| MILL CREEK ENTERTAINMENT, LLC V. OUR ALCHEMY, LLC<br><br>**Case number**<br>27-CV-16-1485 | ACCOUNT RECONCILIATION DISPUTE | HENNEPIN COUNTY DISTRICT COURT (MINNESOTA STATE COURT) 300 SOUTH 6TH STREET MINNEAPOLIS, MN 55487 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| NEW FORM, INC. D/B/A LAGUNA PRODUCTIONS, INC. V. OUR ALCHEMY, LLC<br><br>**Case number**<br>BC620625 | CONTRACT DISPUTE | LA COUNTY SUPERIOR COURT (CALIFORNIA STATE COURT) 111 NORTH HILL STREET LOS ANGELES, CA 90012 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| RADICAL STUDIOS, INC. V. OUR ALCHEMY, LLC<br><br>**Case number**<br>BC21427 | CONTRACT DISPUTE | LA COUNTY SUPERIOR COURT (CALIFORNIA STATE COURT) 111 NORTH HILL STREET LOS ANGELES, CA 90012 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| STRANDED FILMS, LLC V. OUR ALCHEMY, LLC<br><br>**Case number**<br>JAMS REF NO. 1220053269 | PARTICIPATIONS DISPUTE | JAMS/LOS ANGELES 555 WEST FIFTH STREET GAS COMPANY TOWER LOS ANGELES, CA 90013 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| TOIION, INC. V. OUR ALCHEMY, LLC<br><br>**Case number**<br>2:16-CV-01897 | UNPAID ADVANCE DISPUTE | DISTRICT COURT FOR CENTRAL DISTRICT OF CA (FEDERAL COURT) 312 NORTH SPRING STREET LOS ANGELES, CA 90012-4701 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| VISUAL ENTERTAINMENT, INC. V. OUR ALCHEMY, LLC<br><br>**Case number**<br>JAMS REF. NO. 1220051065 | AUDIT DISPUTE | JAMS/LOS ANGELES 555 WEST FIFTH STREET GAS COMPANY TOWER LOS ANGELES, CA 90013 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| YOU ARE HERE FILMS, LLC V. OUR ALCHEMY, LLC, VIRGO INVESTMENT GROUP LLC<br><br>**Case number**<br>BC617072 | PARTICIPATIONS DISPUTE | LA COUNTY SUPERIOR COURT (CALIFORNIA STATE COURT) 111 NORTH HILL STREET LOS ANGELES, CA 90012 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| DANCEWORKS INC<br><br>**Recipient's relationship to debtor**<br>THIRD PARTY | CASH | 5/1/2015 | $1,000.00 |
| EB 2015 UTA FOUNDATION ATTN: NICK STEVENS 9560 WILSHIRE BLVD BEVERLY HILLS, CA 90212<br><br>**Recipient's relationship to debtor**<br>THIRD PARTY | CASH | 7/1/2015 | $2,500.00 |

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| EMA - ENTERTAINMENT MERCHANTS ASSOCIATION 16530 VENTURA BLVD SUITE 400 ENCINO, CA 91436 | CASH | 7/1/2015 | $10,000.00 |
| **Recipient's relationship to debtor** THIRD PARTY | | | |
| A PLACE CALLED HOME SCHOLARSHIP PROGRAM 2830 S. CENTRAL AVE LOS ANGELES, CA 90011 | CASH | 5/1/2015 | $5,000.00 |
| **Recipient's relationship to debtor** THIRD PARTY | | | |
| A PLACE CALLED HOME 7/17/15 BEACH DAY SPONSOR 2830 S. CENTRAL AVE LOS ANGELES, CA 90011 | CASH | 5/1/2015 | $7,000.00 |
| **Recipient's relationship to debtor** THIRD PARTY | | | |
| A PLACE CALLED HOME 2015-2016 NUTRITION PROGRAM 2830 S. CENTRAL AVE LOS ANGELES, CA 90011 | CASH | 5/1/2015 | $3,000.00 |
| **Recipient's relationship to debtor** THIRD PARTY | | | |

## Part 5:  Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

## Part 6:  Certain Payments or Transfers

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| BAKER BOTTS LLP P.O. BOX 301251 DALLAS, TX 75303-1251 | | 4/28/16 | $50,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| BAKER BOTTS LLP P.O. BOX 301251 DALLAS, TX 75303-1251 | | 5/06/16 | $19,250.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| BAKER BOTTS LLP P.O. BOX 301251 DALLAS, TX 75303-1251 | | 6/06/16 | $250,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| CARL MARKS ADVISORY GROUP LLC 900 THIRD AVE, 33RD FLOOR NEW YORK, NY 10022-4775 | | 4/04/16 | $122,030.59 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| CARL MARKS ADVISORY GROUP LLC<br>900 THIRD AVE, 33RD FLOOR<br>NEW YORK, NY  10022-4775 | | 4/28/16 | $125,302.68 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| CARL MARKS ADVISORY GROUP LLC<br>900 THIRD AVE, 33RD FLOOR<br>NEW YORK, NY  10022-4775 | | 5/06/16 | $100,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| CARL MARKS ADVISORY GROUP LLC<br>900 THIRD AVE, 33RD FLOOR<br>NEW YORK, NY  10022-4775 | | 5/23/16 | $109,251.71 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| CARL MARKS ADVISORY GROUP LLC<br>900 THIRD AVE, 33RD FLOOR<br>NEW YORK, NY  10022-4775 | | 6/06/16 | $105,080.74 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| EMP MEDIA PARTNERS LLC<br>PO BOX 376<br>PURCHASE, NY  10577 | | 4/4/2016 | $75,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| EMP MEDIA PARTNERS LLC<br>PO BOX 376<br>PURCHASE, NY  10577 | | 5/3/2016 | $76,201.59 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| EMP MEDIA PARTNERS LLC<br>PO BOX 376<br>PURCHASE, NY  10577 | | 6/1/2016 | $75,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| EPIQ SYSTEMS ACQUISITION INC<br>777 THIRD AVENUE, 12TH FLOOR<br>NEW YORK, NY  10017 | | 6/07/16 | $25,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| MORRIS, NICHOLS,  ARSHT & TUNNELL LLP<br>1201 NORTH MARKET STREET<br>16TH FLOOR<br>WILMINGTON, DE  19899-1347 | | 6/17/16 | $100,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| WILLKIE BARR & GALLAGHER LLP<br>787 SEVENTH AVENUE<br>NEW YORK, NY  10019-6099 | | 6/2/2016 | $75,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

Debtor    OUR ALCHEMY, LLC                                                    Case number (if known)    16-11596
          (Name)

---

13. **Transfers not already listed on this statement**
    List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
    Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ☑ None

---

**Part 7:    Previous Locations**

---

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

    ☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 5900 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA  90036 | From  11/2010        To  06/2016 |

---

**Part 8:    Health Care Bankruptcies**

---

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    —    diagnosing or treating injury, deformity, or disease, or
    —    providing any surgical, psychiatric, drug treatment, or obstetric care?

    ☑ None

---

**Part 9:    Personal Identifiable Information**

---

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ☑ No.
    ☐ Yes.  State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ☑ No.  Go to Part 10.
    ☐ Yes.  Does the debtor serve as plan administrator?

        ☐ No.  Go to Part 10.
        ☑ Yes.  Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| INSPERITY 401K PLAN | 76-0178498 |

        Has the plan been terminated?
        ☑ No
        ☐ Yes

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

---

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ☐ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| CITY NATIONAL BANK<br>CITY NATIONAL PLAZA<br>555 SOUTH FLOWER STREET<br>LOS ANGELES, CA  90071 | 4423 | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☑ Other | 02/2016 | $0.00 |

---

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| CITY NATIONAL BANK<br>CITY NATIONAL PLAZA<br>555 SOUTH FLOWER STREET<br>LOS ANGELES, CA 90071 | 5590 | ☑ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other | 02/2016 | $0.00 |
| CITY NATIONAL BANK<br>CITY NATIONAL PLAZA<br>555 SOUTH FLOWER STREET<br>LOS ANGELES, CA 90071 | 5604 | ☑ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other | 02/2016 | $0.00 |

19. **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

20. **Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 2G DIGITAL<br>280 E. MAGNOLIA BLVD.<br>BURBANK, CA 91502 | CHRIS FAGOT | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No<br>☑ Yes |
| ACADEMY FILM & VIDEO SERVICE<br>11824 SHELDON STREET<br>SUN VALLEY, CA 91352 | DEBBIE COHEN | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No<br>☑ Yes |
| ADVANCED DIGITAL SERVICES<br>948 N. CAHUENGA<br>HOLLYWOOD, CA 90038 | VICKI SHAW | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No<br>☑ Yes |
| BONDED SERVICES<br>3205 BURTON AVENUE<br>BURBANK, CA 91504 | SEAN BEAN | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No<br>☑ Yes |
| CLOUD 19<br>3767 OVERLAND AVE #103<br>LOS ANGELES, CA 90034 | SCOTT BOUTTÉ | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No<br>☑ Yes |
| DELUXE TECHNICOLOR DIGITAL CINEMA<br>2233 NORTH ONTARIO STREET, 3RD FLOOR<br>BURBANK, CA 91504 | JEREMY MUSCARELLA | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No<br>☑ Yes |
| DELUXE<br>2130 N. HOLLYWOOD WAY<br>BURBANK, CA 91505 | ALAN TUDZIN | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No<br>☑ Yes |
| DIGITAL CINEMA UNITED<br>148 S. VICTORY BLVD.<br>BURBANK, CA 91506 | N/A | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No<br>☑ Yes |
| DIGITAL POST SERVICES<br>712 SEWARD STREET<br>HOLLYWOOD, CA 90038 | JULIA HODES | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No<br>☑ Yes |
| FOTOKEM FILM LAB<br>900 W. ALAMEDA<br>BURBANK, CA 91505 | GREG HENIGMAN | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No<br>☑ Yes |
| INCEPTION DIGITAL SERVICES<br>29219 CANWOOD STREET SUITE 220<br>AGOURA HILLS, CA 91301 | KIRK HYDINGER | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No<br>☑ Yes |

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| KING OFFICE SERVICES 13535 LARWIN CIRCLE SANTA FE SPRINGS, CA  90670 | N/A | OFFICE FURNITURE AND COMPANY DOCUMENTS | ☐ No ☑ Yes |
| KING RELOCATION SERVICES 13535 LARWIN CIRCLE SANTA FE SPRINGS, CA  90670 | N/A | OFFICE FURNITURE AND COMPANY DOCUMENTS | ☐ No ☑ Yes |
| POST MODERN DIGITAL/GLOBAL EAGLE ENTERTAINMENT 4553 GLENCOE AVE., SUITE 200 MARINA DEL REY, CA  90292 | TROY BURLAGE | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No ☑ Yes |
| RADIUS 60 3539 MOTOR AVENUE LOS ANGELES, CA  90034 | KEITH PROKOP | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No ☑ Yes |
| SONY DADC US INC 1800 N. FRUITRIDGE AVENUE TERRE HAUTE, IN  47804 | MIKE KUKLA | MASTERS/RAW MATERIALS | ☐ No ☑ Yes |
| SONY DADC US INC 430 GIBRALTAR DRIVE BOLINGBROOK, IL  60440 | MIKE KUKLA | 27 MILLION DVD AND BLU-RAY UNITS FOR AROUND 1,900 TITLES | ☐ No ☑ Yes |
| STAMPEDE 816 NORTH HIGHLAND AVENUE HOLLYWOOD, CA  90038 | JORDAN LEVINE | DIGITAL DVD AND BLUE-RAY MASTERS & DIGITAL THEATRICAL PRINT | ☐ No ☑ Yes |

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ☐  None

       * SEE GLOBAL NOTES, STATEMENT 20/21 FOR ADDITIONAL INFORMATION

**Part 12:    Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:
- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

    ☑  No
    ☐  Yes.  Provide details below.

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ☑  No
    ☐  Yes.  Provide details below.

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ☑  No
    ☐  Yes.  Provide details below.

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

    ☐  None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| ANDERSON DIGITAL, LLC<br>5900 WILSHIRE BLVD, 27TH FLOOR<br>LOS ANGELES, CA 90036 | DIGITAL CONTENT DISTRIBUTOR | 46-0818044<br>**Date business existed**<br>From07/2015          To6/30/2016 |
| MILLENNIUM MEDIA SERVICES, INC.<br>5900 WILSHIRE BLVD, 27TH FLOOR<br>LOS ANGELES, CA 90036 | DVD AND DIGITAL CONTENT DISTRIBUTOR | 26-4388192<br>**Date business existed**<br>From11/2010          To04/2015 |

26. **Books, records, and financial statements**

   26a.   List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

   ☐ None

| Name and address | Dates of service |
|---|---|
| REX BOWRING<br>FORMER CONTROLLER<br>5900 WILSHIRE BLVD, 27TH FLOOR<br>LOS ANGELES, CA 90036 | From 02/2011     To 06/2016 |

   26b.   List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

   ☐ None

| Name and address | Dates of service |
|---|---|
| BDO USA LLP<br>1900 AVENUE OF THE STARS<br>11TH FLOOR<br>LOS ANGELES, CA 90067 | From 2010     To 2014 |

   26c.   List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

   ☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| SEE EXPLANATION TO THE RIGHT | THE COMPANY WAS CLOSED WITH ALL EMPLOYEES DISMISSED ON 6/30/2016, THE DAY BEFORE THE CHAPTER 7 FILING. |

   26d.   List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

   ☐ None

| Name and address | |
|---|---|
| PACIFIC MERCANTILE BANK<br>ATTN: SANDY MCKERROLL<br>9720 WILSHIRE BLVD., SUITE 210<br>LOS ANGELES, CA 90212 | |
| SUNTRUST BANK<br>ATTN: J. MATTHEW ROWAND<br>303 PEACHTREE STREET<br>ATLANTA, GA 30308 | |

27. **Inventories**

   Have any inventories of the debtor's property been taken within 2 years before filing this case?

   ☑ None

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

   ☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| CALRISSIAN LP | 5900 WILSHIRE BLVD, 27TH FLOOR<br>LOS ANGELES, CA 90036 | PARENT COMPANY | 100% |
| GUTHRIE, SCOTT | 5900 WILSHIRE BLVD, 27TH FLOOR<br>LOS ANGELES, CA 90036 | CO-PRESIDENT | N/A |

Debtor    OUR ALCHEMY, LLC                                        Case number (if known)    16-11596
          (Name)

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-----------------------------------|----------------------|
| SUMMERS, KELLY | 5900 WILSHIRE BLVD, 27TH FLOOR LOS ANGELES, CA 90036 | CO-PRESIDENT | N/A |
| DORFMAN, TODD | C/O VIRGO INVESTMENT GROUP LLC 555 TWIN DOLPHIN DRIVE SUITE 615 REDWOOD SHORES, CA 94605 | DIRECTOR | N/A |
| PEREZ, MARK A. | C/O VIRGO INVESTMENT GROUP LLC 555 TWIN DOLPHIN DRIVE SUITE 615 REDWOOD SHORES, CA 94605 | DIRECTOR | N/A |
| WATSON, JESSE | C/O VIRGO INVESTMENT GROUP LLC 555 TWIN DOLPHIN DRIVE SUITE 615 REDWOOD SHORES, CA 94605 | DIRECTOR | N/A |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|--------------------------------------------------|
| AVAGLIANO, JOHN PETER | 5900 WILSHIRE BLVD, 27TH FLOOR LOS ANGELES, CA 90036 | FORMER CHIEF FINANCIAL OFFICER | From 07/2014    To 08/2015 |
| LEE, BILL R | 5900 WILSHIRE BLVD, 27TH FLOOR LOS ANGELES, CA 90036 | FORMER CHIEF EXECUTIVE OFFICER | From 11/2010    To 12/2015 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ None

SEE ANSWER FOR SOFA 4

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|-------------------------------|----------------------------------------------------------|
| NU IMAGE, INC. (2012-2013) | 95-4469794 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

| Debtor | OUR ALCHEMY, LLC | Case number (if known) | 16-11596 |
|---|---|---|---|
| | (Name) | | |

### Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct, *subject to the attached Trustee's Disclaimers and Global Notes, Methodologies and Specific Disclosures Regarding the Debtor's Schedule*

Executed on   08/16/2016   *of Assets and Liabilities and Statement of Financial Affairs.*

X _____

Signature of individual signing on behalf of the debtor

GEORGE L. MILLER

Printed Name

CHAPTER 7 TRUSTEE

Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☒ No
☐ Yes

**Statement of Financial Affairs - Exhibit 3**

**Our Alchemy, LLC   16-11596**

| Claimant | Check Number | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|---|
| 2G DIGITAL POST INC 280 E MAGNOLIA BLVD BURBANK, CA 91502 | 36677 | 04/08/2016 | $23,335.00 | TRADE DEBT |
| | | | **$23,335.00** | |
| 5900 WILSHIRE LLC CO THE RATKOVICH COMPANY ATTN CLARE DE BRIERE 800 WILSHIRE BLVD STE 1425 LOS ANGELES, CA 90017 | 16095001 | 04/06/2016 | $44,376.64 | RENT - OFFICE SPACE |
| | 16125001 | 05/06/2016 | $54,523.51 | RENT - OFFICE SPACE |
| | 16155001 | 06/07/2016 | $13,583.15 | RENT - OFFICE SPACE |
| | | | **$112,483.30** | |
| 8020 CONSULTING LLC 16027 VENTURA BLVD SUITE 501 ENCINO, CA 91436 | 102962 | 04/11/2016 | $13,020.00 | TRADE DEBT |
| | 102985 | 04/21/2016 | $7,840.00 | TRADE DEBT |
| | 102987 | 04/22/2016 | $12,942.50 | TRADE DEBT |
| | 103012 | 05/06/2016 | $12,400.00 | TRADE DEBT |
| | 103026 | 05/23/2016 | $11,510.00 | TRADE DEBT |
| | 103038 | 06/03/2016 | $6,200.00 | TRADE DEBT |
| | 103049 | 06/14/2016 | $5,890.00 | TRADE DEBT |
| | 103054 | 06/16/2016 | $1,705.00 | TRADE DEBT |
| | | | **$71,507.50** | |
| ABM PARKING SERVICES 5900 WILSHIRE BLVD LOS ANGELES, CA 90036 | 36681 | 04/13/2016 | $13,025.00 | TRADE DEBT |
| | 36757 | 05/05/2016 | $10,725.00 | TRADE DEBT |
| | 36808 | 06/07/2016 | $9,325.00 | TRADE DEBT |
| | | | **$33,075.00** | |
| ACADEMY FILM & STORAGE 11826 SHELDON ST SUN VALLEY, CA 91352 | 16112001 | 04/25/2016 | $3,529.65 | TRADE DEBT |
| | 16127002 | 05/10/2016 | $6,529.65 | TRADE DEBT |
| | | | **$10,059.30** | |
| AOTEAROA CONSULTING LLC PO BOX 23 PALOMAR MOUNTAIN, CA 92060 | 36682 | 04/13/2016 | $31,000.00 | TRADE DEBT |
| | | | **$31,000.00** | |
| AXION COMMUNICATIONS 3201 CORTE MALPASO 311 CAMARILLO, CA 93012 | 36690 | 04/21/2016 | $4,844.02 | TRADE DEBT |
| | 36760 | 05/05/2016 | $4,822.73 | TRADE DEBT |
| | | | **$9,666.75** | |
| B DOWNTOWN OFFICES LLC ATTN BRIAN SHAW SAGE PARTNERS 3425 N FUTRALL STE 101 FAYETTEVILLE, AR 72703 | 102954 | 04/01/2016 | $5,000.00 | TRADE DEBT |
| | 103003 | 05/02/2016 | $5,000.00 | TRADE DEBT |
| | 103031 | 06/01/2016 | $5,000.00 | TRADE DEBT |
| | | | **$15,000.00** | |
| BAKER BOTTS LLP P.O. BOX 301251 DALLAS, TX 75303-1251 | 102999 | 04/28/2016 | $50,000.00 | SERVICE - LEGAL |
| | 103008 | 05/06/2016 | $19,250.00 | SERVICE - LEGAL |
| | 103041 | 06/06/2016 | $250,000.00 | SERVICE - LEGAL |
| | | | **$319,250.00** | |
| BDO USA LLP 1900 AVENUE OF THE STARS 11TH FLOOR LOS ANGELES, CA 90067 | 36684 | 04/14/2016 | $1,600.00 | TRADE DEBT |
| | 36691 | 04/21/2016 | $5,000.00 | TRADE DEBT |
| | | | **$6,600.00** | |
| BRADLEY ARANT BOULT CUMMINGS LLP ATTN SAMUEL D LIPSHIE ONE FEDERAL PLACE 1819 FIFTH AVENUE NORTH BIRMINGHAM, AL 35203 | 102966 | 04/13/2016 | $15,000.00 | TRADE DEBT |
| | | | **$15,000.00** | |

**Statement of Financial Affairs - Exhibit 3**

**Our Alchemy, LLC   16-11596**

| Claimant | Check Number | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|---|
| CARL MARKS ADVISORY GROUP LLC<br>900 THIRD AVE, 33RD FLOOR<br>NEW YORK, NY  10022-4775 | 102958 | 04/04/2016 | $122,030.59 | SERVICE - CONSULTING |
| | 102996 | 04/28/2016 | $125,302.68 | SERVICE - CONSULTING |
| | 103009 | 05/06/2016 | $100,000.00 | SERVICE - CONSULTING |
| | 103027 | 05/23/2016 | $109,251.71 | SERVICE - CONSULTING |
| | 103040 | 06/06/2016 | $105,080.74 | SERVICE - CONSULTING |
| | | | **$561,665.72** | |
| CFM<br>CO SONY DADC US INC<br>FILE 99460<br>LOS ANGELES, CA  90074-9460 | 101847 | 04/28/2016 | $303,000.00 | TRADE DEBT |
| | 101852 | 05/18/2016 | $222,183.17 | TRADE DEBT |
| | 101855 | 05/25/2016 | $76,554.01 | TRADE DEBT |
| | 101861 | 06/03/2016 | $47,893.74 | TRADE DEBT |
| | 101870 | 06/15/2016 | $72,034.23 | TRADE DEBT |
| | | | **$721,665.15** | |
| CRE SAD - CAROLINAS<br>CO SUN TRUST BANK INC<br>MAIL CODE FLORLANDO<br>ORLANDO, FL  32801 | 102997 | 04/28/2016 | $274,000.00 | TRADE DEBT |
| | 102998 | 04/28/2016 | $75,000.00 | TRADE DEBT |
| | 103015 | 05/09/2016 | $191,056.00 | TRADE DEBT |
| | 103052 | 06/15/2016 | $90,396.40 | TRADE DEBT |
| | | | **$630,452.40** | |
| CYNTEKK SOLUTIONS INC<br>4300 PROMENADE WAY | 36719 | 04/25/2016 | $7,447.50 | TRADE DEBT |
| | | | **$7,447.50** | |
| CYPRESS PREMIUM FUNDING INC<br>PO BOX 3529<br>MISSION VIEJO, CA  92690 | 36695 | 04/21/2016 | $16,217.13 | TRADE DEBT |
| | 36790 | 05/26/2016 | $16,217.13 | TRADE DEBT |
| | | | **$32,434.26** | |
| DE LAGE LANDEN FINANCIAL<br>PO BOX 41601<br>PHILADELPHIA, PA  19101 | 36761 | 05/05/2016 | $5,584.44 | TRADE DEBT |
| | 36772 | 05/13/2016 | $5,584.44 | TRADE DEBT |
| | | | **$11,168.88** | |
| DELUXE MEDIA INC<br>ATTN KARI CRISPELL<br>PO BOX 749663<br>LOS ANGELES, CA  90074-9663 | 102971 | 04/13/2016 | $179,574.70 | TRADE DEBT |
| | | | **$179,574.70** | |
| DELUXE TECHNICOLOR DIGITAL CIN<br>FILE 56477<br>LOS ANGELES, CA  90074-6477 | 102972 | 04/13/2016 | $13,099.00 | TRADE DEBT |
| | | | **$13,099.00** | |
| EASYLINK SERVICES INTERNATIONAL<br>LOCKBOX 510473<br>PHILADELPHIA, PA  19175-0473 | 36697 | 04/21/2016 | $4,590.97 | TRADE DEBT |
| | 36763 | 05/05/2016 | $5,306.57 | TRADE DEBT |
| | 36773 | 05/13/2016 | $4,640.51 | TRADE DEBT |
| | 36792 | 05/26/2016 | $4,102.28 | TRADE DEBT |
| | | | **$18,640.33** | |
| EMP MEDIA PARTNERS LLC<br>PO BOX 376<br>PURCHASE, NY  10577 | 102959 | 04/04/2016 | $75,000.00 | TRADE DEBT |
| | 103005 | 05/03/2016 | $76,201.59 | TRADE DEBT |
| | 103035 | 06/01/2016 | $75,000.00 | TRADE DEBT |
| | | | **$226,201.59** | |
| EPIQ SYSTEMS ACQUISITION INC<br>777 THIRD AVENUE, 12TH FLOOR<br>NEW YORK, NY  10017 | 103043 | 06/07/2016 | $25,000.00 | SERVICE - CONSULTING |
| | | | **$25,000.00** | |

**Statement of Financial Affairs - Exhibit 3**

**Our Alchemy, LLC   16-11596**

| Claimant | Check Number | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|---|
| FILMTRACK SOFTWARE INC | 101867 | 06/13/2016 | $11,330.00 | TRADE DEBT |
| CO FILMTRACK INC | 103048 | 06/13/2016 | $13,749.99 | TRADE DEBT |
| 11846 VENTURA BLVD | | | | |
| SUITE 101 | | | **$25,079.99** | |
| STUDIO CITY, CA  91604 | | | | |
| FINTAGE COLLECTION ACCT MGT | 102982 | 04/19/2016 | $10,000.00 | TRADE DEBT |
| COMEBACK SEASON | | | | |
| | | | **$10,000.00** | |
| FIRELINE NETWORK SOLUTIONS INC | 36699 | 04/21/2016 | $2,191.13 | TRADE DEBT |
| DBA FIRELINE BROADBAND | 36764 | 05/05/2016 | $5,100.00 | TRADE DEBT |
| 1135 WESTMINSTER AVE | 36774 | 05/13/2016 | $6,000.00 | TRADE DEBT |
| ALHAMBRA, CA  91803 | | | | |
| | | | **$13,291.13** | |
| FITZGERALD, PATRICK THOMAS | 16118001 | 04/29/2016 | $5,000.00 | TRADE DEBT |
| 169 SYCAMORE GROVE ST | 16155002 | 06/07/2016 | $7,050.00 | TRADE DEBT |
| SIMI VALLEY, CA  93065 | | | | |
| | | | **$12,050.00** | |
| FTI CONSULTING INC | 102989 | 04/22/2016 | $54,204.43 | TRADE DEBT |
| PO BOX 418178 | | | | |
| BOSTON, MA  02241-8178 | | | **$54,204.43** | |
| GOT PREMIUMS INC | 36700 | 04/21/2016 | $5,752.29 | TRADE DEBT |
| 16461 SHERMAN WAY | 36796 | 05/26/2016 | $5,752.29 | TRADE DEBT |
| SUITE 350 | | | | |
| LAKE BALBOA, CA  91406 | | | **$11,504.58** | |
| IN TOUCH INSURANCE SERVICES | 103057 | 06/17/2016 | $10,156.00 | TRADE DEBT |
| 16461 SHERMAN WAY | | | | |
| SUITE 350 | | | **$10,156.00** | |
| LAKE BALBOA, CA  91406 | | | | |
| INSPERITY | 102964 | 04/12/2016 | $480,000.00 | PAYROLL & BENEFITS |
| 1440 BRIDGE GATE DRIVE | 102969 | 04/13/2016 | $40,000.00 | PAYROLL & BENEFITS |
| SUITE 200 | 102973 | 04/14/2016 | $20,000.00 | PAYROLL & BENEFITS |
| DIAMOND BAR, CA  91765 | 102978 | 04/18/2016 | $10,000.00 | PAYROLL & BENEFITS |
| | 102991 | 04/25/2016 | $500,000.00 | PAYROLL & BENEFITS |
| | 103017 | 05/11/2016 | $400,000.00 | PAYROLL & BENEFITS |
| | 103024 | 05/23/2016 | $400,000.00 | PAYROLL & BENEFITS |
| | 103039 | 06/06/2016 | $400,000.00 | PAYROLL & BENEFITS |
| | 103046 | 06/10/2016 | $270,000.00 | PAYROLL & BENEFITS |
| | | | **$2,520,000.00** | |
| IVERS, JEFFREY D. | 36685 | 04/14/2016 | $25,000.00 | TRADE DEBT |
| 828 WASHINGTON AVE | 36785 | 05/13/2016 | $17,500.00 | TRADE DEBT |
| SANTA MONICA, CA  90403 | 36816 | 06/09/2016 | $17,500.00 | TRADE DEBT |
| | 36825 | 06/16/2016 | $8,750.00 | TRADE DEBT |
| | | | **$68,750.00** | |
| KING RELOCATION SERVICES | 36777 | 05/13/2016 | $11,952.73 | TRADE DEBT |
| 13535 LARWIN CIRCLE | | | | |
| SANTA FE SPRINGS, CA  90670 | | | **$11,952.73** | |
| KLEIN, ROBYN | 36735 | 04/25/2016 | $12,500.00 | TRADE DEBT |
| 2726 MONTANA AVE APT C | | | | |
| SANTA MONICA, CA  90403 | | | **$12,500.00** | |

**Statement of Financial Affairs - Exhibit 3**

**Our Alchemy, LLC   16-11596**

| Claimant | Check Number | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|---|
| LAW OFFICES OF JUDITH W. ROSS 700 N PEARL ST SUITE 1610 DALLAS, TX  75201 | 102979 | 04/18/2016 | $20,000.00 **$20,000.00** | TRADE DEBT |
| LAW OFFICES OF VINCE RAVINE PC 6553 LOUISE AVE LAKE BALBOA, CA  91406 | 102967 | 04/13/2016 | $7,500.00 | TRADE DEBT |
|  | 102994 | 04/27/2016 | $2,195.00 | TRADE DEBT |
|  | 103007 | 05/05/2016 | $2,500.00 | TRADE DEBT |
|  | 103019 | 05/11/2016 | $7,500.00 | TRADE DEBT |
|  | 103023 | 05/20/2016 | $2,500.00 | TRADE DEBT |
|  | 103033 | 06/01/2016 | $7,500.00 | TRADE DEBT |
|  | 103034 | 06/01/2016 | $4,123.45 | TRADE DEBT |
|  | 103051 | 06/15/2016 | $1,232.24 **$35,050.69** | TRADE DEBT |
| LESS, SIRR 5900 WILSHIRE BLVD 18 LOS ANGELES, CA  90036 | 36705 | 04/21/2016 | $17,411.66 **$17,411.66** | TRADE DEBT |
| LOEB & LOEB LLP ATTN DAVID GROSSMAN 10100 SANTA MONICA BLVD SUITE 2200 LOS ANGELES, CA  90067 | 36679 | 04/12/2016 | $25,000.00 | TRADE DEBT |
|  | 103047 | 06/13/2016 | $3,954.00 **$28,954.00** | TRADE DEBT |
| LOWE, MITCH 735 BAY ROAD MILL VALLEY, CA  94941 | 36706 | 04/21/2016 | $5,337.46 | TRADE DEBT |
|  | 36778 | 05/13/2016 | $5,000.00 **$10,337.46** | TRADE DEBT |
| MAEHARA, ERIC 825 ANITA STREET REDONDO BEACH, CA  90278 | 36673 | 04/01/2016 | $31,500.00 | TRADE DEBT |
|  | 36779 | 05/13/2016 | $7,000.00 | TRADE DEBT |
|  | 16159001 | 06/09/2016 | $7,000.00 **$45,500.00** | TRADE DEBT |
| MARKETCAST LLC ATTN JOHN PIETROLUNGO SVP 5900 WILSHIRE BOULEVARD SUITE 2700 LOS ANGELES, CA  90036 | 102955 | 04/01/2016 | $11,257.04 | TRADE DEBT |
|  | 103004 | 05/02/2016 | $11,257.04 | TRADE DEBT |
|  | 103032 | 06/01/2016 | $11,257.04 **$33,771.12** | TRADE DEBT |
| MAYER BROWN LLP ATTN JOHN P ZAIMES 71 SOUTH WACKER DRIVE CHICAGO, IL  60606-4637 | 102995 | 04/27/2016 | $10,000.00 **$10,000.00** | TRADE DEBT |
| MELISSA M. SEE CONSULTING LLC 707 SIERRA MEADOWS DR SIERRA MADRE, CA  91024 | 36818 | 06/14/2016 | $12,115.38 | SERVICE - CONSULTING |
|  | 36828 | 06/16/2016 | $4,038.46 **$16,153.84** | SERVICE - CONSULTING |
| MORGAN STANLEY SENIOR FUNDING CO CITIBANK NA 1585 BROADWAY NEW YORK, NY  10036 | 103036 | 06/02/2016 | $150,000.00 **$150,000.00** | TRADE DEBT |
| MORRIS, NICHOLS,  ARSHT & TUNNELL LLP 1201 NORTH MARKET STREET 16TH FLOOR WILMINGTON, DE  19899-1347 | 103056 | 06/17/2016 | $100,000.00 **$100,000.00** | SERVICE - LEGAL |

**Statement of Financial Affairs - Exhibit 3**

**Our Alchemy, LLC   16-11596**

| Claimant | Check Number | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|---|
| MPI MEDIA GROUP<br>16101 SOUTH 108TH AVENUE<br>ORLAND PARK, IL  60467 | 103018 | 05/11/2016 | $7,000.00 | TRADE DEBT |
| | 103021 | 05/17/2016 | $1,353.00 | TRADE DEBT |
| | 103028 | 05/23/2016 | $1,334.25 | TRADE DEBT |
| | 103050 | 06/14/2016 | $30,468.75 | TRADE DEBT |
| | | | **$40,156.00** | |
| NCIRCLE ALLIANCE<br>4250 CORAL SPRINGS DRIVE<br>CORAL SPRINGS, FL  33065 | 101858 | 05/27/2016 | $33,000.00 | TRADE DEBT |
| | 101859 | 05/31/2016 | $26,000.00 | TRADE DEBT |
| | 101866 | 06/08/2016 | $41,949.00 | TRADE DEBT |
| | 101869 | 06/14/2016 | $72,713.40 | TRADE DEBT |
| | | | **$173,662.40** | |
| OMG INC<br>81 S 9TH STREET<br>SUITE 240<br>MINNEAPOLIS, MN  55402 | 36741 | 04/25/2016 | $16,878.00 | TRADE DEBT |
| | | | **$16,878.00** | |
| PBS DISTRIBUTION<br>10 GUEST STREET<br>BOSTON, MA  02135 | 101850 | 05/12/2016 | $100,000.00 | TRADE DEBT |
| | 101851 | 05/17/2016 | $155,142.00 | TRADE DEBT |
| | 101854 | 05/25/2016 | $197,987.00 | TRADE DEBT |
| | 101860 | 06/01/2016 | $142,432.00 | TRADE DEBT |
| | 101865 | 06/07/2016 | $176,631.00 | TRADE DEBT |
| | 101868 | 06/14/2016 | $143,230.80 | TRADE DEBT |
| | | | **$915,422.80** | |
| PROSKAUER ROSE LLP<br>ATTN ANTHONY J ONCIDI<br>2049 CENTURY PARK EAST 32ND FLOOR<br>LOS ANGELES, CA  90067-3206 | 102974 | 04/15/2016 | $60,352.02 | TRADE DEBT |
| | 103010 | 05/06/2016 | $9,225.35 | TRADE DEBT |
| | | | **$69,577.37** | |
| RAND STOLL INC<br>7 EAST 86TH STREET<br>NEW YORK, NY  10028 | 102970 | 04/13/2016 | $10,000.00 | TRADE DEBT |
| | 36802 | 05/26/2016 | $765.00 | TRADE DEBT |
| | | | **$10,765.00** | |
| ROYAL BOX GROUP LLC<br>1301 S 47TH AVE<br>CICERO, IL  6804-1598 | 102986 | 04/21/2016 | $45,503.87 | TRADE DEBT |
| | | | **$45,503.87** | |
| SOBIERAJ, DAVE<br>C/O NU IMAGE<br>6423 WILSHIRE BLVD<br>LOS ANGELES, CA  90048 | 102975 | 04/15/2016 | $20,625.00 | TRADE DEBT |
| | 103025 | 05/23/2016 | $20,625.00 | TRADE DEBT |
| | | | **$41,250.00** | |
| SOFTLAND INTERNATIONAL<br>20048 NE SAN RAFAEL ST<br>PORTLAND, OR  97230 | 103001 | 04/29/2016 | $16,800.00 | TRADE DEBT |
| | | | **$16,800.00** | |

**Statement of Financial Affairs - Exhibit 3**

**Our Alchemy, LLC   16-11596**

| Claimant | Check Number | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|---|
| SONY DADC US INC<br>ATTN COMPLIANCE MANAGER<br>1800 N FRUITRIDGE AVENUE<br>TERRE HAUTE, IN  47804 | 101844 | 04/08/2016 | $990,000.00 | TRADE DEBT |
| | 101845 | 04/14/2016 | $300,000.00 | TRADE DEBT |
| | 101846 | 04/21/2016 | $260,000.00 | TRADE DEBT |
| | 101848 | 05/06/2016 | $1,050,000.00 | TRADE DEBT |
| | 101849 | 05/11/2016 | $260,000.00 | TRADE DEBT |
| | 101853 | 05/18/2016 | $2,816.83 | TRADE DEBT |
| | 101856 | 05/25/2016 | $93,050.74 | TRADE DEBT |
| | 101862 | 06/03/2016 | $344,696.55 | TRADE DEBT |
| | 101863 | 06/07/2016 | $127,901.07 | TRADE DEBT |
| | 101871 | 06/15/2016 | $40,377.35 | TRADE DEBT |
| | | | **$3,468,842.54** | |
| SPAR MARKETING FORCE<br>DEPARTMENT 1<br>PO BOX 798013<br>ST LOUIS, MO  63179-8000 | 101857 | 05/26/2016 | $33,311.29 | TRADE DEBT |
| | | | **$33,311.29** | |
| STEVENSON, BRIAN<br>1034 LONGWOOD AVENUE<br>LOS ANGELES, CA  90019 | 36745 | 04/25/2016 | $12,499.50 | TRADE DEBT |
| | | | **$12,499.50** | |
| STROOCK & STROOCK & LAVAN LLP<br>2029 CENTURY PARK EAST<br>LOS ANGELES, CA  90067 | 103011 | 05/06/2016 | $60,585.09 | TRADE DEBT |
| | 103053 | 06/15/2016 | $205,920.68 | TRADE DEBT |
| | | | **$266,505.77** | |
| SULLIVAN, RYAN P.<br>1326 12 N FULLER AVE<br>LOS ANGELES, CA  90024 | 36781 | 05/13/2016 | $16,000.00 | TRADE DEBT |
| | 36830 | 06/16/2016 | $8,000.00 | TRADE DEBT |
| | | | **$24,000.00** | |
| SUNTRUST BANK<br>PO BOX 305183<br>NASHVILLE, TN  37230-5183 | 102961 | 04/08/2016 | $1,719.73 | SECURED CREDITOR PAYMENT |
| | 103002 | 04/29/2016 | $167,231.92 | SECURED CREDITOR PAYMENT |
| | 103016 | 05/09/2016 | $1,720.11 | SECURED CREDITOR PAYMENT |
| | 103030 | 06/01/2016 | $184,627.52 | SECURED CREDITOR PAYMENT |
| | 103044 | 06/09/2016 | $1,719.40 | SECURED CREDITOR PAYMENT |
| | | | **$357,018.68** | |
| THOR, FREYR<br>5900 WILSHIRE BLVD 18<br>LOS ANGELES, CA  90036 | 102960 | 04/05/2016 | $117,875.00 | TRADE DEBT |
| | | | **$117,875.00** | |
| TROTTA, HEIDI<br>220 S SUNSET CANYON DRIVE<br>BURBANK, CA  91501 | 36674 | 04/01/2016 | $40,000.00 | TRADE DEBT |
| | 36783 | 05/13/2016 | $10,000.00 | TRADE DEBT |
| | 36812 | 06/07/2016 | $10,000.00 | TRADE DEBT |
| | | | **$60,000.00** | |
| VERTICAL ENTERTAINMENT LLC<br>ATTN RICH GOLDBERG<br>512 11TH ST<br>SANTA MONICA, CA  90402 | 102965 | 04/12/2016 | $64,233.96 | TRADE DEBT |
| | 102980 | 04/18/2016 | $66,132.95 | TRADE DEBT |
| | | | **$130,366.91** | |
| WALSH, RICHARD<br>28 EXETER ST UNIT 707<br>BOSTON, MA  02116 | 2973 | 05/13/2016 | $8,000.00 | TRADE DEBT |
| | | | **$8,000.00** | |

**Statement of Financial Affairs - Exhibit 3**

**Our Alchemy, LLC   16-11596**

| Claimant | Check Number | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|---|
| WEA CORPORATION | 102984 | 04/21/2016 | $39,557.94 | TRADE DEBT |
| DEPT CH 10300 | 103020 | 05/12/2016 | $100,000.00 | TRADE DEBT |
| PALATINE, IL  60055-0300 | | | **$139,557.94** | |
| WILLKIE BARR & GALLAGHER LLP | 103037 | 06/02/2016 | $75,000.00 | TRADE DEBT |
| 787 SEVENTH AVENUE NEW YORK, NY  10019-6099 | | | **$75,000.00** | |
| XENON PICTURES INC | 36755 | 04/28/2016 | $22,768.00 | TRADE DEBT |
| 1440 9TH STREET SANTA MONICA, CA  90401 | | | **$22,768.00** | |

**Grand Total:  66**                                             **$12,336,755.08**

**Statement of Financial Affairs - Exhibit 4**

**Our Alchemy, LLC   16-11596**

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|------------------------|--------------|--------|-------------|
| AVAGLIANO, JOHN PETER | FORMER CHIEF FINANCIAL OFFICER | 07/10/2015 | $11,538.46 | SALARY |
| | | 07/16/2015 | $27,669.08 | PRORATED SALARY + PAID TIME OFF |
| | | 07/16/2015 | $11,538.46 | SALARY |
| | | 08/07/2015 | $22,470.69 | EXPENSE REIMBURSEMENT |
| | | 08/31/2015 | $7,655.39 | EXPENSE REIMBURSEMENT |
| | | 09/04/2015 | $11,538.46 | SEVERANCE PAY |
| | | 09/18/2015 | $11,538.46 | SEVERANCE PAY |
| | | 10/02/2015 | $11,538.46 | SEVERANCE PAY |
| | | 10/16/2015 | $11,538.46 | SEVERANCE PAY |
| | | 10/30/2015 | $11,538.46 | SEVERANCE PAY |
| | | 11/13/2015 | $11,538.46 | SEVERANCE PAY |
| | | 11/27/2015 | $11,538.46 | SEVERANCE PAY |
| | | 12/11/2015 | $11,538.46 | SEVERANCE PAY |
| | | 12/24/2015 | $11,538.46 | SEVERANCE PAY |
| | | 01/08/2016 | $11,538.46 | SEVERANCE PAY |
| | | | **$196,256.68** | |
| GUTHRIE, SCOTT | FORMER PRESIDENT | 10/02/2015 | $6,923.04 | PRORATED SALARY |
| | | 10/09/2015 | $25,000.00 | EXPENSE REIMBURSEMENT |
| | | 10/16/2015 | $11,538.46 | SALARY |
| | | 10/30/2015 | $11,538.46 | SALARY |
| | | 11/13/2015 | $11,538.46 | SALARY |
| | | 11/27/2015 | $11,538.46 | SALARY |
| | | 12/11/2015 | $11,538.46 | SALARY |
| | | 12/21/2015 | $2,567.56 | EXPENSE REIMBURSEMENT |
| | | 12/24/2015 | $11,538.46 | SALARY |
| | | 01/08/2016 | $11,538.46 | SALARY |
| | | 01/19/2016 | $3,224.96 | EXPENSE REIMBURSEMENT |
| | | 01/22/2016 | $11,538.46 | SALARY |
| | | 02/05/2016 | $11,538.46 | SALARY |
| | | 02/19/2016 | $14,423.08 | SALARY |
| | | 02/19/2016 | $12,115.44 | RETRO PAY |
| | | 03/03/2016 | $547.90 | EXPENSE REIMBURSEMENT |
| | | 03/04/2016 | $14,423.08 | SALARY |
| | | 03/18/2016 | $14,423.08 | SALARY |
| | | 04/01/2016 | $14,423.08 | SALARY |
| | | 04/15/2016 | $14,423.08 | SALARY |
| | | 04/25/2016 | $1,263.11 | EXPENSE REIMBURSEMENT |
| | | 04/29/2016 | $14,423.08 | SALARY |
| | | 05/13/2016 | $14,423.08 | SALARY |
| | | 05/13/2016 | $531.12 | EXPENSE REIMBURSEMENT |
| | | 05/26/2016 | $47.17 | EXPENSE REIMBURSEMENT |
| | | 05/27/2016 | $14,423.08 | SALARY |
| | | 06/10/2016 | $14,423.08 | SALARY |
| | | 06/16/2016 | $343.76 | EXPENSE REIMBURSEMENT |
| | | 06/24/2016 | $14,423.08 | SALARY |
| | | 06/30/2016 | $31,038.73 | PRORATED SALARY + PAID TIME OFF |
| | | | **$331,679.73** | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|---|---|---|---|---|
| LEE, BILL R | FORMER CHIEF EXECUTIVE OFFICER | 07/10/2015 | $19,230.77 | SALARY |
| | | 07/24/2015 | $19,230.77 | SALARY |
| | | 08/07/2015 | $19,230.77 | SALARY |
| | | 08/21/2015 | $19,230.77 | SALARY |
| | | 09/04/2015 | $19,230.77 | SALARY |
| | | 09/18/2015 | $19,230.77 | SALARY |
| | | 09/18/2015 | $50.00 | EXPENSE REIMBURSEMENT |
| | | 10/02/2015 | $19,230.77 | SALARY |
| | | 10/16/2015 | $19,230.77 | SALARY |
| | | 10/30/2015 | $19,230.77 | SALARY |
| | | 11/13/2015 | $19,230.77 | SALARY |
| | | 11/27/2015 | $19,230.77 | SALARY |
| | | 12/11/2015 | $19,230.77 | SALARY |
| | | 12/24/2015 | $75,960.08 | PRORATED SALARY + PAID TIME OFF |
| | | 12/24/2015 | $19,230.77 | SALARY |
| | | | **$326,010.09** | |
| OA INVESTMENT PARTNERS LLC | AFFILIATE | 07/13/2015 | $10,181,733.54 | INTERCOMPANY TRANSFER |
| | | | **$10,181,733.54** | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|---|---|---|---|---|
| SUMMERS, KELLY | FORMER CO-PRESIDENT | 07/24/2015 | $1,538.40 | PRORATED SALARY |
| | | 08/07/2015 | $7,692.31 | SALARY |
| | | 08/21/2015 | $7,692.31 | SALARY |
| | | 09/04/2015 | $7,692.31 | SALARY |
| | | 09/14/2015 | $241.82 | EXPENSE REIMBURSEMENT |
| | | 09/18/2015 | $7,692.31 | SALARY |
| | | 10/02/2015 | $7,692.31 | SALARY |
| | | 10/12/2015 | $297.84 | EXPENSE REIMBURSEMENT |
| | | 10/16/2015 | $7,692.31 | SALARY |
| | | 10/30/2015 | $9,615.38 | SALARY |
| | | 10/30/2015 | $5,961.52 | RETRO PAY |
| | | 11/13/2015 | $9,615.38 | SALARY |
| | | 11/13/2015 | $314.98 | EXPENSE REIMBURSEMENT |
| | | 11/27/2015 | $9,615.38 | SALARY |
| | | 12/11/2015 | $9,615.38 | SALARY |
| | | 12/24/2015 | $9,615.38 | SALARY |
| | | 01/08/2016 | $9,615.38 | SALARY |
| | | 01/22/2016 | $9,615.38 | SALARY |
| | | 02/05/2016 | $9,615.38 | SALARY |
| | | 02/09/2016 | $3,028.71 | EXPENSE REIMBURSEMENT |
| | | 02/19/2016 | $20,192.40 | RETRO PAY |
| | | 02/19/2016 | $14,423.08 | SALARY |
| | | 03/03/2016 | $1,391.54 | EXPENSE REIMBURSEMENT |
| | | 03/04/2016 | $14,423.08 | SALARY |
| | | 03/18/2016 | $14,423.08 | SALARY |
| | | 03/23/2016 | $225.96 | EXPENSE REIMBURSEMENT |
| | | 04/01/2016 | $14,423.08 | SALARY |
| | | 04/15/2016 | $14,423.08 | SALARY |
| | | 04/25/2016 | $1,077.43 | EXPENSE REIMBURSEMENT |
| | | 04/29/2016 | $14,423.08 | SALARY |
| | | 05/13/2016 | $14,423.08 | SALARY |
| | | 05/13/2016 | $2,414.31 | EXPENSE REIMBURSEMENT |
| | | 05/26/2016 | $433.35 | EXPENSE REIMBURSEMENT |
| | | 05/27/2016 | $14,423.08 | SALARY |
| | | 06/10/2016 | $14,423.08 | SALARY |
| | | 06/16/2016 | $448.02 | EXPENSE REIMBURSEMENT |
| | | 06/23/2016 | $28,072.96 | PRORATED SALARY + PAID TIME OFF |
| | | 06/23/2016 | $14,423.08 | SALARY |
| | | | **$332,946.94** | |
| VIRGO INVESTMENT GROUP LLC | AFFILIATE | 12/23/2015 | $73,823.93 | INTERCOMPANY TRANSFER |
| | | | **$73,823.93** | |
| **Grand Total:  6** | | | **$11,442,450.91** | |