**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OUR ALCHEMY, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 16-11596 (KG)<br><br>Related Doc. No. 226 |
| In re:<br><br>ANDERSON DIGITAL, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 16-11597 (KG)<br><br>Related Doc. No. 91 |

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF SHARING AND REIMBURSEMENT AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND SUNTRUST BANK, AS ADMINISTRATIVE AGENT FOR ITSELF AND CERTAIN OTHER SECURED LENDERS, PROVIDING FOR, AMONG OTHER THINGS, (I) DETERMINATION AND ALLOWANCE OF THE SECURED LENDERS' PRE-PETITION CLAIMS AND LIENS; (II) THE TRUSTEE'S SALE OF THE DEBTORS' ASSETS AND SECURED LENDERS' COLLATERAL; (III) THE SPECIFIED CARVE-OUT OF THE SECURED LENDERS' LIENS; AND (IV) OTHER MATTERS CONCERNING THE TRUSTEE'S CONTEMPLATED SALE(S) OF COLLATERAL AND THE SETTLEMENTS EMBODIED IN THE SHARING AND REIMBURSEMENT AGREEMENT**

AND NOW, this 25th day of OCTOBER, 2016 upon consideration of the Motion of Chapter 7 Trustee for Approval of Sharing and Reimbursement Agreement Between Chapter 7 Trustee and SunTrust Bank, as Administrative Agent for Itself and for Certain Other Secured Lenders Providing for, Among Other Things, (I) Determination and Allowance of the Secured Lenders' Pre-Petition Claims and Liens; (II) the Trustee's Sale of the Debtors' Assets and Secured Lenders' Collateral; (III) the Specified Carve-Out of the Secured Lenders' Liens; and (IV) Other Matters Concerning the Trustee's Contemplated

Sale(s) of Collateral and the Settlements Embodied in the Sharing and Reimbursement Agreement (the "Motion"),[1] and after notice and hearing, and having determined that the Notice as described in the Motion was adequate, no further notice need be given, and good cause exists, it is hereby

ORDERED, that the Motion is GRANTED; and it is

FURTHER ORDERED, subject only to the "Guild Considerations" specified *infra*, that the Sharing and Reimbursement Agreement attached hereto as Exhibit "1" (the "Sharing Agreement"), and the terms and provisions of the Sharing Agreement (including (i) the settlements embodied in the Sharing Agreement and (ii) the Trustee and Estate releases, waivers and discharges set forth in Paragraph 17 of the Sharing Agreement), are hereby APPROVED and the Trustee is hereby authorized to take any and all actions necessary to implement the Sharing Agreement in accordance with the terms and conditions set forth in the Sharing Agreement; and it is

FURTHER ORDERED, subject only to the "Guild Considerations" specified *infra*, that (i) pursuant to the Pre-Petition Financing Documents, the Debtors are indebted to SunTrust and the Lenders in the aggregate amount of no less than the Claim Amount, plus interest, fees, costs, expenses and other amounts due or payable under the Pre-Petition Financing Documents, and the Pre-Petition Obligations constitute legal, valid, binding obligations of the Estates, enforceable in accordance with their terms, (ii) such claims shall be allowed for all purposes in the Debtors' chapter 7 cases and in any successor case and (iii) such claims are secured by

[1] Unless otherwise defined herein, capitalized terms shall have the meanings given in the Motion.

valid, enforceable, binding, perfected and non-avoidable first-priority[2] liens and security interests granted by the Debtors to SunTrust upon and in the Collateral provided, however, that the foregoing is not intended to preclude or adversely affect the positions of PBS and DreamWorks, as to their asserted or alleged ownership of, or asserted or alleged claims or security interests in any of the Collateral, which positions are fully reserved; provided, further however, that (i) the Trustee and the Estates, and (ii) SunTrust and the Lenders, fully reserve their respective rights to challenge, contest, avoid and otherwise object to any such assertions or positions; and it is

FURTHER ORDERED, subject only to the "Guild Considerations" specified *infra*, that the terms and provisions of this Order and the Sharing Agreement shall (i) be binding upon and inure to the benefit of SunTrust and the Lenders to the extent and as set forth herein, the Trustee, the Debtors, all creditors and equity interest holders of the Debtors, all other parties in interest, and all of their respective successors and assigns (including any trustee hereafter appointed or elected under the Bankruptcy Code for the estate of any of the Debtors or any other fiduciary appointed as a legal representative of any of the Debtors or with respect to the property of the estate of any of the Debtors) and (ii) bind any trustee hereafter appointed for the estate of any of the Debtors, under any chapter of the Bankruptcy Code, and shall survive any conversion,

[2] Except with respect to, and only to the extent of, any valid, enforceable, binding, non-avoidable and properly perfected liens and claims on certain specific motion pictures and related rights and interests held by: (i) Medal Productions, Inc. (*Stolen* motion picture), (ii) Straight A Productions, Inc. (*Straight A's* motion picture), (iii) Dying Productions, Inc. (*As I Lay Dying* motion picture), (iv) Promised Land Productions, Inc. (*Killing Season* motion picture), and (v) N2 Productions, Inc. (*Ninja II* motion picture). Any such liens and claims are subject, however, to, among other things, non-disturbance letters dated as of September 4, 2014, and all rights, claims and defenses of the Debtors, the Trustee, SunTrust and the Lenders regarding such liens, claims and otherwise are fully reserved.

confirmation or consummation of any plan(s) of reorganization or liquidation, or dismissal of the Debtors' cases under the Bankruptcy Code; and it is

FURTHER ORDERED, that notwithstanding anything to the contrary in this Order or in the Sharing Agreement, the following terms (the "Guild Considerations") shall apply, for the sole benefit of the Directors Guild of America, Inc., Screen Actors Guild – American Federation of Television and Radio Artists, the Writers Guild of America West, Inc. (collectively, the "Guilds"), their respective pension and health plans, and the Motion Picture Industry Pension and Health Plans (together, with the Guilds, the "Union Entities"):

a) Commencing October 7, 2016, the Guilds shall have sixty (60) days (the "Challenge Period"), extendable by agreement among the Guilds, the Trustee, SunTrust and the Secured Lenders, but in each case subject to their sole discretion, to investigate and to timely file a complaint commencing an adversary proceeding (the "Challenge") challenging the priority and perfection of any and all liens and security interests asserted by SunTrust and the Lenders relative solely to any alleged secured claims asserted by the Guilds, and not with respect to any other person (it being understood and agreed that the Guilds shall be required, as part of any such Challenge, to substantiate, document and prove the validity, priority, enforceability, non-avoidability and perfection of any secured claims the Guilds may assert against the Debtors or their estates). If upon the expiration of the Challenge Period, the Guilds fail to timely commence a Challenge, or the Guilds timely commence a Challenge but fail to invalidate, avoid or subordinate the liens and security interests of Sun Trust and the Lenders with respect to any of the Union Entities' collateral that is also the collateral of SunTrust and the Lenders, the Union Entities shall be forever barred, or otherwise be precluded, from contesting the liens and security

interests asserted by SunTrust and the Lenders. Except to the extent of any timely and successful Challenge by the Guilds, SunTrust and the Lenders and the claims, liens and security interests thereof shall, vis-à-vis the Union Entities, be entitled to all of the rights, benefits and protections provided under the Sharing Agreement and this Order;

b) Without limiting the foregoing (including the obligations and burdens set forth above), through the filing of their proofs of claim by October 28, 2016, in these bankruptcy cases, the Guilds will provide documentation establishing any valid, enforceable, non-avoidable, perfected and senior security interests in any motion picture rights owned or controlled by the Debtors, and such documentation will include, at a minimum, for each such motion picture that may potentially be the subject of a Challenge: (i) the name of the relevant grantor or debtor; (ii) the names of the secured parties; (iii) the names of the relevant motion picture titles; (iv) the Volume and Page numbers indicating recordation of security interests with the United States Copyright Office; (v) the UCC filing numbers for each state in which a UCC-1 financing statement or continuation statement has been filed; and (vi) sample security agreements and assumption agreements, reflecting the standard forms used by the Guilds with respect to the Debtors;

c) To the extent the Guilds hold valid, perfected, enforceable and non-avoidable liens and/or security interests in cash collateral, the Guilds consent to the Trustee's use of such cash collateral in accordance with the Sharing Agreement, it being understood and agreed that the Guilds are not, and shall not be deemed, a party or beneficiary of the Sharing Agreement. Moreover, and notwithstanding the foregoing, the Trustee may challenge or object to Guild positions including claims or secured status, with funds or other cash collateral that are not subject to the Guilds' valid, enforceable, properly

perfected and non-avoidable liens and security interests that have value. As adequate protection for the Trustee's use of such cash collateral, the Guilds shall be granted post-petition replacement security interests and liens, as provided in paragraph 4 of the Sharing Agreement, both in proportion and with relative priority to SunTrust and the Lenders, as may later be determined by the Court regarding the secured claims asserted by SunTrust and the Lenders and the Guilds with respect to particular collateral; d) Provided the Guilds first establish and prove valid, perfected, enforceable and non-avoidable secured claims, the Guilds' rights to credit bid on collateral subject to the Guilds' liens and security interests, and subject to sale by the Trustee, are expressly preserved; provided, however, that any asserted credit bid by the Guilds shall be subject in all instances to (i) the terms and limitations of section 363(k) of the Bankruptcy Code, and (ii) the rights of the Trustee and SunTrust and the Lenders to object to any credit bid by the Guilds. Moreover, and for the avoidance of doubt, the Guilds may only object to a credit bid by SunTrust and the Lenders with respect to a validly and timely commenced and pending Challenge. If upon the expiration of the Challenge Period the Guilds fail to timely commence a Challenge, or the Guilds timely commence a Challenge but fail to invalidate, avoid or subordinate the liens and security interests of Sun Trust and the Lenders, the Guilds shall not have any right to challenge or otherwise contest any credit bid made by SunTrust and the Lenders;

e) No later than seven (7) business days after the closing of each monthly accounting period, the Trustee will provide the Guilds with collection reports identifying all receipts and the sources of same during such monthly period, and an updated A/R report. The Trustee also will provide the Guilds with reasonable access to statements

provided to the Debtor by licensees or sub-licensees. On a semi-monthly basis, the Trustee or the Trustee's counsel will consult with Guild counsel concerning the status of film library administration and disposition. In no event will the Trustee file or agree to filing of a motion concerning sale procedures or for approval of a sale transaction without providing the Guilds with prior notice at least five (5) calendar days before such filing;

f) SunTrust and the Lenders acknowledge that collections or film library sale proceeds actually remitted to SunTrust and the Lenders that are subject to valid, enforceable, perfected and senior Guild liens, as established by the Court or agreement of (i) the Trustee, (ii) SunTrust and the Lenders and (iii) the Guilds, may be subject to disgorgement in favor of the Guilds. To the extent of any disgorgement, the claims, liens and security interests of Sun Trust and the Lenders shall be reinstated vis-à-vis the Debtors and Estates and their assets and shall remain subject to the terms and conditions of this Order and the Sharing Agreement; and

g) any and all Union Entity rights with respect to any person other than SunTrust, the Lenders, the Trustee and the Estates are expressly reserved, including but not limited to assertion of secured creditor remedies, as applicable. Any election by the Guilds not to pursue a Challenge, or any determination of lien priority, perfection or validity as among the Guilds, SunTrust and the Lenders shall apply only among those entities; provided, however, for the avoidance of doubt, no third party shall benefit or derive any rights from this Order or the Sharing Agreement (other than Guild Pension and Health Plans, as applicable, but only to the extent of the rights and benefits accorded the Guilds hereunder) unless otherwise expressly provided for herein or therein, respectively; and it is

FURTHER ORDERED, that to facilitate the collection of the Debtors' accounts receivable, the Trustee is authorized to maintain any bank accounts of the Debtors with SunTrust, and the Lenders and SunTrust and the Lenders are authorized to keep such accounts open until such time as the Trustee directs SunTrust and the Lenders, as may be applicable, in writing, to close such accounts; provided, however, that any of the Debtors' cash deposited into or held in bank accounts that are continued to be maintained by the Trustee with SunTrust and/or the Lenders shall be swept and transferred as soon as practicable after receipt, but within no more than five business days after receipt, to the Trustee's estate account(s) and otherwise subject to the terms of this Order; and it is

FURTHER ORDERED, notwithstanding any provision in this Order to the contrary, this Order shall not preclude or adversely affect the positions of Inception Media Group, Industry Releasing, Inc., Alliance Entertainment, LLC, Maljack Productions, Inc., The Bandit Hound, LLC, Magnolia Pictures LLC and Vertical Entertainment, LLC as to their asserted or alleged ownership of any of the Collateral, which positions are fully reserved; provided, further however, that (i) the Trustee and the Estates, and (ii) SunTrust and the Lenders, fully reserve their respective rights to challenge, contest, avoid and otherwise object to any such assertions or positions; and it is

FURTHER ORDERED, that this Order shall take effect and be fully enforceable immediately upon entry of this Order. Notwithstanding any Bankruptcy Rule or other applicable law, there shall be no stay of execution or effectiveness of this Order.

BY THE COURT:

Dated: OCTOBER 25, 2016

Kevin Gross

The Honorable Kevin Gross
United States Bankruptcy Court Judge



28436058\5 00601.0823.000/390810.000
10/24/2016 1:11 PM