### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Our Alchemy, LLC, *et al*.,[1] | Case No.  16-11596 (KG) (Jointly Administered) |
| Debtors. | **Related D.I. No. 693** |

### ORDER APPROVING MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SALE OF CERTAIN ASSETS TO NORTH STARS PICTURES, INC. FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. §§ 105 AND 363

Upon the motion (the "Motion")[2] of George L. Miller, the Chapter 7 Trustee (the

"Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the

"Debtors"), for entry of an order (the "Order") authorizing the sale of certain assets to North

Stars Pictures, Inc. ("Purchaser") free and clear of all liens, claims, encumbrances and interests

pursuant to 11 U.S.C. §§ 105 and 363 in accordance with the terms and conditions of the Letter

Agreement dated August 1, 2018 between the Trustee and the Purchaser (the "Agreement")

annexed to the Motion as Exhibit "A"; and the Bankruptcy Court having reviewed and

considered (a) the Motion, (b) the objections to the Motion, if any; and due and sufficient notice

of the Motion having been given under the particular circumstances; and it appearing that no

other or further notice need be provided; and it appearing that the relief requested in the Motion

is in the best interests of the Trustee, the Debtors, their Estates, their creditors, their stakeholders,

---

[1] The Debtors are Our Alchemy, LLC, Case No. 16-11596, and Anderson Digital, LLC, Case No. 16-11597.

[2] Capitalized terms herein used but not otherwise defined herein shall have the meaning set forth in the Motion or Agreement (as such term is defined herein) as applicable.

and other parties in interest; and after due deliberation thereon; and sufficient cause appearing

therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

      A.     **Jurisdiction and Venue**.  This Bankruptcy Court has jurisdiction to

consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28

U.S.C. § 157(b).  Venue of this case and matter in this district is proper under 28 U.S.C. §§ 1408

and 1409.

      B.     **Legal Predicates**.  The legal predicates for the relief sought in the Motion

are Bankruptcy Code sections 105(a), 363(b), 363(f), 363(m), and Bankruptcy Rules 2002, 6004,

7062, 9006, 9007, and 9014.

      C.     **Notice**.  As evidenced by the affidavit of service filed with the Bankruptcy

Court at Docket No. 696, (i) proper, timely, adequate, and sufficient notice of the Motion and the

sale hearing has been provided in accordance with Bankruptcy Code sections 102(1), and 363,

and Bankruptcy Rules 2002, 6004, 9006 and 9014 to each party entitled to such notice, (ii) such

notice was good, sufficient, and appropriate under the particular circumstances, and (iii) no other

or further notice of the Agreement, the Motion or the sale hearing is or shall be required.

      D.     **Opportunity to Object**.  A fair and reasonable opportunity to object or be

heard with respect to the Motion and the relief requested therein has been afforded to all

interested persons and entities, including: (1) the Office of the United States Trustee; (2) counsel

for the Debtors; (3) counsel to SunTrust; (4) counsel to the Directors Guild of America, Inc., the

Screen Actors Guild – American Federation of Television and Radio Artists, and the Writers

Guild of America West, Inc.; (5) counsel to the Purchaser; (6) all entities known by the Trustee

to have expressed a *bona fide* interest in purchasing any of the Purchased Assets; (7) all creditors

2

listed on Schedules D and E for each Debtor in the Schedules of Assets and Liabilities filed by

the Trustee in the Bankruptcy Cases; (8) non-Debtor parties to the Distribution Agreement; (9)

the Internal Revenue Service and all other applicable federal, state, county, and municipal taxing

authorities; (10) the U.S. Attorneys for the Central District of California and the District of

Delaware; (11) the state attorneys general and state labor regulatory authorities for California

and Delaware; and (12) all persons and entities that have filed a request for service of filings in

these Bankruptcy Cases pursuant to Bankruptcy Rule 2002.

      E.    **Assignment; Successor Liability**.  The sale, transfer and assignment of

the Purchased Assets to the Purchaser in accordance with the Agreement will not subject the

Purchaser to any liability whatsoever arising prior to the Closing Date or solely by reason of such

transfer under the laws of the United States, any state, territory, or possession thereof, or the

District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or

equity, including, without limitation, any theory of equitable law, including, without limitation,

any theory of antitrust, successor, or transferee liability.

      F.    **Highest and Best Offer.**  Parties in interest were afforded a full, fair and

reasonable opportunity to make a higher or otherwise better offer to purchase the Purchased

Assets.  No such higher and/or better offers were submitted.

      G.    **Business Justification**.  Sound business reasons exist for the sale of the

Purchased Assets to Purchaser pursuant to the Agreement.  Entry into the Agreement and

consummation of the sale constitutes the Trustee's exercise of sound business judgment and is in

the best interests of the Debtors, their Estates and all other parties in interest.  For these reasons

and based on the other evidence of record, the Bankruptcy Court finds that (i) the offer by the

Purchaser in accordance with the Agreement constitutes the highest or otherwise best offer for

LEGAL\39083868\2 00601.0823.000/390810.000

the Purchased Assets under the circumstances, and (ii) the closing of the sale to Purchaser

pursuant to the Agreement presents the best opportunity for the Estates to realize value for the

Purchased Assets.

H.     **Condition to Sale Transaction**.  Entry of this Order approving the

Agreement and sale of the Purchased Assets to Purchaser is a condition precedent to the

Purchaser's obligation to consummate the transactions contemplated by the Agreement.

I.     **Good Faith Purchaser**.  The Purchaser (i) is a good faith purchaser for

value and, as such, is entitled to all of the protections afforded under section 363(m) of the

Bankruptcy Code and any other applicable or similar bankruptcy and non-bankruptcy law, and

(ii) has otherwise proceeded in good faith in all respects in connection with this proceeding.

Specifically:  (a) all payments to be made by the Purchaser under the Agreement have been

disclosed; (b) the negotiation and execution of the Agreement was at arm's-length and in good

faith, and at all times each of the Purchaser and Trustee were represented by competent counsel

of their choosing; and (c) the Purchaser has not acted in a collusive manner with any person.

Neither the Purchaser or Trustee has engaged in any conduct that would cause or permit the

Agreement and the proposed sale contemplated therein to be avoided or result in the imposition

of any costs or damages under 11 U.S.C. § 363(n) and the Purchaser will be acting in good faith

within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated herein and by

the Agreement.

J.     **Free and Clear**.  The Trustee has provided notice as set forth in this

Order to (i) counsel to SunTrust and (ii) all other entities known to the Trustee to assert or hold

Encumbrances in the Purchased Assets.  The Trustee has complied with the requirements of

Bankruptcy Code section 363(f) because in each case, one or more of the standards set forth in

4

section 363(f)(1)-(5) has been satisfied, and may sell the Purchased Assets free and clear of all Encumbrances.  The Secured Lenders, through their administrative agent SunTrust, have consented to the sale in accordance with section 363(f)(2) of the Bankruptcy Code.  All other holders of Encumbrances, if any, in or against the Purchased Assets have either expressly consented or did not object, or withdrew their objections to the Motion and are deemed to have consented in accordance with section 363(f)(2) of the Bankruptcy Code.

K.      **Consideration**.  The consideration provided by the Purchaser for the Purchased Assets pursuant to the Agreement (i) is fair, full, adequate, and reasonable, (ii) is the highest or otherwise best offer for the Purchased Assets, and (iii) constitutes reasonably equivalent value, reasonable market value, and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia (including, without limitation, the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act).

L.      **Purchaser Not a Successor**.  The Purchaser is not and shall not be deemed a successor to the Debtors or Trustee as a result of the consummation of the purchase of the Purchased Assets pursuant to the Agreement.

M.      **Legal and Factual Bases**.  The legal and factual bases set forth in the Motion and at any sale hearing establish just cause for the relief granted herein.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that:**

1.      All objections to the Motion, if any, that have not been withdrawn, waived or resolved as set forth herein are overruled on the merits.

2.      Purchaser is approved as the Purchaser for the Purchased Assets pursuant to the Agreement.  The Agreement, a copy of which is attached as Exhibit "A" to the Motion is approved,

and the sale of the Purchased Assets by the Trustee to the Purchaser pursuant to the Agreement is authorized and approved.

3.      The Trustee is authorized to enter into the Agreement and to sell and assign the Purchased Assets to the Purchaser consistent with the provisions of the Agreement and this Order, and the Trustee is further authorized to take all actions necessary to consummate the transactions contemplated by the Agreement and take all other actions as may be reasonably requested by the Purchaser for the purpose of selling and assigning the Purchased Assets, without further order of the Bankruptcy Court.

4.      Pursuant to Sections 363(b) and 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred on the Closing Date free and clear of all (i) Encumbrances (as such term is defined in the Agreement) including, without limitation, all restrictions, hypothecations, charges, indentures, instruments, options, security interests, conditional sale rights or other title retention agreements, pledges, judgments, demands, rights of first refusal, consent rights, contract rights, rights of recovery, reimbursement rights, contribution claims, indemnity rights, exoneration rights, alter-ego claims, tax claims, regulatory violations by any governmental entity, decrees of any court or foreign or domestic governmental entity, charges of any kind or nature, debts arising in any way in connection with any agreements, acts, or failures to act, obligation claims, demands, guaranties, contractual or other commitment rights and claims, and all other matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of the Debtors' chapter 7 cases, and whether imposed by agreement,

6

understanding, law, equity or otherwise, including claims otherwise arising under any theory, law or doctrine of successor liability or related theories, as well as any and all "claims" as that term is defined and used in the Bankruptcy Code, including section 101(5) thereof (all of the foregoing, collectively, "Claims"), with such Encumbrances and Claims to attach to the proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against such Purchased Assets, and (ii) to the maximum extent permitted by law, any other interests within the meaning of section 363(f) of the Bankruptcy Code.

5.    Following the Closing, the Purchaser may file a certified copy of this Order, which, once filed, registered or otherwise recorded, shall at the time of the Closing constitute conclusive evidence of the release of all Encumbrances and Claims of any kind or nature whatsoever with respect to the Purchased Assets being transferred at the Closing.

6.    At the Closing, all of the Trustee's legal, equitable, and beneficial right, title and interest in and to, and possession of, the Purchased Assets being transferred at such Closing shall be immediately vested in the Purchaser pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(f) of the Bankruptcy Code free and clear of any and all Encumbrances and Claims.  Such transfer shall constitute a legal, valid, binding, and effective transfer of the Purchased Assets and shall vest the Purchaser with good and marketable title to such Purchased Assets.

7.    The Purchaser is hereby authorized in connection with the consummation of the sale to assign, transfer, allocate, or otherwise dispose of any of the Purchased Assets to and among its affiliates, designees, assignees, and/or successors (i) in a manner as it, in its sole discretion, deems appropriate and (ii) with all of the rights and protections accorded under this Order and the Agreement.

LEGAL\39083868\2 00601.0823.000/390810.000

8.      The Purchaser is not and shall not be deemed a successor to the Debtors as a result of the consummation of the sale of the Purchased Assets in accordance with the Agreement.

9.      The Purchaser shall not have any responsibility for any liability or other obligation of the Debtors or Trustee, whether known or unknown, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including under any law or theory of successor or vicarious liability, antitrust law, environmental law, foreign, federal, state or local revenue law, or products liability law.  Without limiting the generality of the foregoing, the Purchaser shall not be liable for any (a) liabilities, debts, or obligations on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the ownership of the Purchased Assets prior to the Closing, (b) environmental liabilities or obligations arising from conditions first existing prior to the Closing (including, without limitation, the presence of hazardous, toxic, polluting, or contaminating substances or wastes), which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response Compensation and Liability Act, or (c) liabilities, debts or obligations arising from conditions first existing or actions occurring prior to the Closing with respect to any labor, employment, or similar law, rule or regulation, including the laws specified in this paragraph (including filing requirements under any such laws, rules or regulations) (all liabilities described in paragraph 9 of this Order, "Successor or Transferee Liability").

10.     Notwithstanding any other provisions of this Order or the Agreement: (a) the Purchaser assumes all payment and reporting obligations with respect to any and all amounts, if any, accruing after the Closing Date and required to be paid to third parties pursuant to collective bargaining, union or guild agreements (in all applicable jurisdictions) to which any of the Directors Guild of America, Inc., Screen Actors Guild – American Federation of Television and Radio

8

Artists, and the Writers Guild of America West, Inc., and the Film Musicians Secondary Markets Fund are parties or an expressly designated payee, by reason of, in connection with, as a condition to or arising from the use or exploitation of the Purchased Assets, or any part thereof, or any use or reuse thereof, in any media, including residuals, supplemental market payments, pension, health and welfare payments, and employer share of taxes (collectively, the "Residuals"), but only to the extent (i) such Residuals become due and payable based on sums received by the Purchaser after the Closing Date and relate to an accounting period commencing on or after such date; and (ii) 28 U.S.C. § 4001 provides for the deemed assumption of such obligations by the Purchaser; and (b) the Purchased Assets shall remain subject to any liens existing as of the Closing Date, if any, of the Directors Guild of America, Inc., Screen Actors Guild – American Federation of Television and Radio Artists, and the Writers Guild of America West, Inc. for the Residuals payable by the Purchaser in accordance with the terms hereof.  For the avoidance of doubt, the Purchaser does not assume any liability or reporting obligation for any and all Residuals related to any Purchased Assets for any period prior to the Closing Date (including any payment or reporting obligations that were due and payable prior, or accrued prior, to such time regardless of whether such payment obligations relate to a period before or after the Closing Date) and nothing set forth herein shall be deemed to expand the scope of the obligations (if any) to which Purchaser would otherwise be subject to pursuant to 28 U.S.C. § 4001.

11.     Effective upon the Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser, or its assets (including the Purchased Assets), with respect to any (a) Encumbrance or Claim or (b) Successor or Transferee Liability, in each case, relating to the Purchased Assets, including, without

9

limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any Encumbrance or Claim; (iv) asserting any setoff, right of subrogation, or recoupment of any kind; or (v) commencing or continuing any action, in any manner or place, that does not comply with, or is inconsistent with, the provisions of this Order or other orders of this Bankruptcy Court, or the agreements or actions contemplated or taken in respect hereof.

12.    The Purchaser has acted without collusion and in good faith in undertaking the sale of the Purchased Assets contemplated by the Agreement.  The sale of the Purchased Assets to the Purchaser may not be avoided, nor may any costs or damages be imposed, under Bankruptcy Code 363(n) and the Purchaser is entitled to all of the protections afforded by Bankruptcy Code section 363(m).

13.    The Agreement, and any other documents, or other instruments related to the sale of the Purchased Assets may be modified, amended, or supplemented by the parties thereto, in a writing signed by all parties, and in accordance with the terms thereof, without further order of the Bankruptcy Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' Estates or the Trustee.

14.    All persons and entities, including, without limitation, all federal, state or local government agents, departments or instrumentalities, holding liens or claims against the Purchased Assets conveyed herein arising on or before the Closing Date, or out of events occurring before the Closing Date, of any kind or nature with respect to those Purchased Assets, are barred from asserting such liens or claims against the Purchased Assets or the Purchaser.

15.    The stay imposed under Federal Rule of Bankruptcy Procedure 6004(h) shall not apply to this Order or the transactions contemplated hereunder and this order shall be enforceable and effective immediately upon its entry.

16.    This Bankruptcy Court retains exclusive jurisdiction to (a) enforce and implement this Order and (b) to resolve any disputes, controversies or claims arising out of or relating to this Order or the Agreement approved herein.

17.    The failure to specifically include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Agreement be authorized and approved in its entirety; provided, however, that this Order shall govern if there is any direct conflict, and only to the extent of such conflict, between the Agreement (including all ancillary documents executed in connection therewith) and this Order.

LEGAL\39083868\2 00601.0823.000/390810.000

18.    This Order shall be effective as a determination that as of the Closing the conveyances described herein have been effected; and is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated herein and by the Agreement.

**Dated: December 7th, 2018**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**