**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OUR ALCHEMY, LLC, *et al.*[1]<br><br>               Debtors. | Case No. 16-11596 (KG)<br>(Jointly Administered)<br><br>Chapter 7<br><br>**Hearing Date:**   March 12, 2019 at 11:00 a.m.<br>**Objection Date:**  March 1, 2019 at 4:00 p.m. |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND SYNKRONIZED US LLC REGARDING RIGHTS WITH RESPECT TO CERTAIN MOTION PICTURES AND RELEASE OF CLAIMS PURSUANT TO FED. R. BANKR. P. 9019**

George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby files this motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), for an order approving an agreement by and between the Trustee and Synkronized US LLC ("Synkronized") regarding certain motion pictures which Synkronized licensed to the Debtors, a copy of which is attached hereto, incorporated herein and marked as Exhibit "1" (the "Agreement"), and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Agreement. In support of the Motion, the Trustee respectfully avers the following:

---

[1] The Debtors are Our Alchemy, LLC, Case No. 16-11596, and Anderson Digital, LLC, Case No. 16-11597.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

**BACKGROUND**

4. On July 1, 2016 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. On or shortly after the Petition Date, the Trustee was appointed by the Office of the United States Trustee to serve as the duly authorized Trustee for the Estates of the Debtors, and he continues to serve in this capacity.

6. Prior to the Petition Date, the Debtors operated as film and media distributors. The Debtors, among other things, acquired and distributed feature films, television series, and other programming via multiple platforms, including online, electronic, and hard copy distribution channels.

7. As part of its business, debtor Our Alchemy, LLC, as successor to Millennium Media Services, Inc. ("Alchemy"), and Synkronized entered into an Exclusive Distribution Agreement dated as of May 1, 2012 (as amended, modified and/or supplemented, the "Distribution Agreement"), pursuant to which Synkronized granted Alchemy certain rights with

respect to certain motion pictures, including the motion picture titles identified on Schedule "A" attached to the instant Agreement (the "Remaining Synkronized Pictures").

8. The Trustee has consummated a sale of the Estates' rights, title and interest in and to certain films (the "Sale") to OA Acquisitions LLC ("OA Acquisitions"), pursuant to an Amended Asset Purchase Agreement, dated as of September 7, 2018, between the Trustee and OA Acquisitions, which was approved by an Order of the Bankruptcy Court entered on September 17, 2018.

9. The Sale included the sale of the Estates' rights, title and interest in and to the Synkronized motion picture titled "Moo Moo and the Three Sisters" and, accordingly, Moo Moo and the Three Sisters is not a Remaining Synkronized Picture.

10. The Trustee has engaged in discussions with Synkronized regarding the Distribution Agreement and the respective rights of Synkronized and Alchemy in the Remaining Synkronized Pictures. During these discussions, Synkronized has asserted that Alchemy's rights under the Distribution Agreement have expired. Accordingly, Synkronized has maintained that the Estates do not hold any rights pursuant to the Distribution Agreement with respect to the Remaining Synkronized Pictures, and Synkronized has asserted rights in any payments received by the Estates on account of the Remaining Synkronized Pictures.

11. After arm's length negotiations, the Trustee and Synkronized have agreed to resolve their disputes concerning the Distribution Agreement, the Remaining Synkronized Pictures, and amounts collected by the Estates on account of the Remaining Synkronized Pictures on the terms and subject to the conditions of the Agreement in order to avoid the potential costs, risks, and delay of litigation.

## RELIEF REQUESTED

12. By this Motion, the Trustee respectfully seeks an order of this Bankruptcy Court approving the attached Agreement with Synkronized (Exhibit "1"), authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms and provisions of the Agreement and providing that the Bankruptcy Court shall retain jurisdiction to enforce the Agreement.

## THE AGREEMENT

13. The complete terms and conditions of the Trustee's settlement with Synkronized are more fully set forth in the Agreement (Exhibit "1") and should be referred to in their entirety. The key provisions of the Agreement include, *inter alia*, the following:

   a. Termination of Estates' Rights with Respect to Remaining Synkronized Pictures: Upon entry of the Bankruptcy Court Approval Order (as defined in the Agreement), all of the Estates' rights under the Distribution Agreement are terminated and all of the Estates' rights with respect to the Remaining Synkronized Pictures shall automatically revert to Synkronized "as is, where is" without any representations or warranties whatsoever, whether express, implied or imposed by law.

   b. Release of Post-Petition Claims: Synkronized releases and waives any and all post-petition claims, obligations and demands it has or may have against the Estates, including but not limited to any and all administrative priority claims, any rights of setoff or recoupment, any audit rights and other defaults, claims for post-petition damages to Synkronized's copyrights or for copyright infringement, and/or for damages arising from the Trustee's actions or inaction in collecting revenues and enforcing Synkronized's copyrights against third-party use or infringement.

## BASIS FOR RELIEF REQUESTED

14. This Bankruptcy Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules. Bankruptcy Code Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Rule 9019 of

the Bankruptcy Rules grants the Bankruptcy Court authority to approve settlements of claims and controversies after notice and a hearing.[2] Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)).  In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)

15. Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin*, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

    a.    the probability of success in the litigation;

    b.    the complexity, expense and likely duration of the litigation;

    c.    the possibilities of collecting on any judgment which might be obtained;

    d.    all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

    e.    whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

---

[2] Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968).  *See also Martin*, 91 F.3d at 393.  Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation."  *TMT Trailer Ferry*, 390 U.S. at 425.  The *TMT* rule does not require the Bankruptcy Court to hold a full evidentiary hearing before a compromise can be approved, but rather the Bankruptcy Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'"  Collier on Bankruptcy at ¶ 9019.2, 9019-4, *quoting In re Drexel Lambert Grp., Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991).  *See Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

16. The Agreement and the proposed settlement and compromise embodied therein meet all of the above criteria.  Absent the Agreement, the Estates would potentially face complex, time-consuming and expensive litigation, including but not limited to, continuing to litigate the Estates' rights, if any, in the Distribution Agreement and the Remaining Synkronized Pictures, including with respect to amounts collected by the Estates on account of the Remaining Synkronized Pictures.  Such litigation would involve inherent risk, with little or no certainty that the Trustee would succeed in recovering a benefit for the Estates which surpasses the undeniable benefit the Estates are receiving through the release by Synkronized of any and all post-petition claims, obligations and demands it has or may have against the Estates, including but not limited to any and all administrative priority claims, any rights of setoff or recoupment, any audit rights and other defaults, claims for post-petition damages to Synkronized's copyrights or for copyright infringement, and/or for damages arising from the Trustee's actions or inaction in collecting revenues and enforcing Synkronized's copyrights against third-party use or infringement.  In

addition, the Trustee and his accountants have determined that the value of the Remaining Synkronized Pictures to the Estates, going forward, would be *de minimis* even if they were retained.

17. Accordingly, by entering into the Agreement, the Trustee is obtaining a benefit for the Estates while avoiding the expenditure of the Estates' resources to litigate the respective rights of Synkronized and the Estates in the Distribution Agreement, the Remaining Synkronized Pictures and/or the revenues collected to date by the Estates on account of the Remaining Synkronized Pictures. The Trustee is also reducing potential claims against the Estates through Synkronized's broad release of post-petition claims against the Estates.

18. Therefore, the Trustee, based upon the exercise of his sound business judgment, respectfully submits that all of the foregoing factors reflect that the Agreement is a fair and equitable settlement which meets or exceeds the required range of reasonableness and should be approved by this Bankruptcy Court as being in the best interests of the Estates and the Debtors' creditors.

## NOTICE

19. The Trustee shall promptly serve a copy of this Motion on: (a) counsel to the Debtors, (b) the United States Trustee, (c) Synkronized, (d) the Debtors' twenty largest unsecured creditors as appearing on the Debtors' filed listing of creditors, and (e) all parties in interest having requested notice to date pursuant to Bankruptcy Rule 2002 (the "Service Parties"). In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order substantially in the form attached hereto approving the Agreement, authorizing the Trustee

to take any and all actions necessary or appropriate to implement the terms and provisions of the Agreement, and providing that the Bankruptcy Court retains jurisdiction to enforce the Agreement.

Dated: February 13, 2019
      Wilmington, Delaware

COZEN O'CONNOR

By: */s/ John T. Carroll, III*
_____
John T. Carroll, III (DE No. 4060)
1201 North Market Street
Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2028
Facsimile: (302) 295-2013
jcarroll@cozen.com

and

Eric L. Scherling, Esq.
(Admitted in PA, NJ)
(Not admitted in DE)
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2042
Facsimile: (215) 701-2081
escherling@cozen.com

*Counsel for George L. Miller, Chapter 7 Trustee*