# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**OUR ALCHEMY, LLC,** *et al.*<br><br>Debtors. | CHAPTER 7<br><br>Case No. 16-11596-KG<br><br>Jointly Administered |
| **GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BAKER BOTTS L.L.P.,**<br><br>Defendant. | Adv. No. 18-50631 (KG)<br><br>Hearing Date: July 10, 2019 at 3:00 p.m. (ET)<br>Objections Due: May 30, 2019 at 4:00 p.m. (ET) |

### MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS BETWEEN THE CHAPTER 7 TRUSTEE AND BAKER BOTTS L.L.P. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

George L. Miller (the "Trustee"), the Chapter 7 trustee for the jointly administered Chapter 7 bankruptcy estates of Our Alchemy, LLC ("Alchemy") and Anderson Digital, LLC ("Anderson Digital") (collectively, the "Debtors"), by and through his attorneys, Bielli & Klauder, LLC and Kaufman, Coren & Ress, P.C., hereby moves (the "Motion") for the entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 9019, approving the settlement of this adversary case between the Trustee and Baker Botts L.L.P. ("Defendant" or "Baker Botts"). In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On July 1, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, and the cases are being jointly administered under the caption *In re Our Alchemy, LLC, et al.*, U.S.B.C. D. Del., Case No. 16-11596 (KG).

5. Prior to the Petition Date, the Debtors operated as a distributor of film and television content across all platforms in North America, including DVD, digital, and video-on-demand platforms.

6. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

7. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtor's books and records and identified entities that received payments potentially avoidable under Sections 547, 548, 549 and 550 of the Bankruptcy Code.

8. On June 29, 2018, the Trustee filed a Complaint (the "Complaint") against Baker Botts initiating the above-captioned adversary proceeding seeking avoidance and recovery of

certain transfers made by the Debtors to Baker Botts that the Trustee asserts are avoidable pursuant to Section 547 of the Bankruptcy Code and recoverable pursuant to Section 550 of the Bankruptcy Code (the "Transfers").

9. On September 18, 2018, Baker Botts filed an Answer to the Complaint denying any liability and raising affirmative defenses.

10. After the Complaint and Answer were filed, the Trustee and Baker Botts engaged in settlement discussions and a mediation to resolve the issues between the parties.

11. In order to avoid the potential costs, risks and delay of litigation, and after negotiations, mediation, and the exchange of information, the Trustee and Baker Botts agreed to settle and resolve their disputes relating to the Transfers.

12. The Trustee and Baker Botts have entered into a settlement agreement (the "Settlement Agreement") to memorialize the settlement between the parties. The Settlement Agreement is attached hereto as Exhibit A. Pursuant to the Settlement Agreement, Baker Botts shall pay the Trustee the sum of $35,000.00 (the "Settlement Amount") in full and complete satisfaction of the Trustee's claims to avoid and recover the Transfers.

## RELIEF REQUESTED

13. By this Motion, the Trustee seeks the entry of an order approving the Settlement Agreement pursuant to Bankruptcy Rule 9019.

14. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

15. The Trustee is obligated to maximize the value of the estate and make his decisions in the best interests of all of the creditors of the estate. See Martin, 91 F.3d at 394. The Trustee believes, in his business judgment, that the settlement of the disputes related to the Transfers, as embodied in the Settlement Agreement, is in the best interests of the estate and all of the creditors, especially in light of the cost, uncertainty and delay of litigation. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. See Martin, 91 F.3d at 395.

16. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, courts should consider four factors: "i) the probability of success in the litigation; ii) the likely difficulties in collection; iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and iv) the paramount interest of the creditors." Id. (citation omitted).

17. A review of these four factors demonstrates that the settlement with Baker Botts related to the Transfers as set out in the Settlement Agreement is in the best interests of the estate and all of the creditors.

18. In discussions with the Trustee and in its Answer, Baker Botts asserted potential defenses which, if litigated, could reduce Baker Botts' liability in this case.

19. As a result of the foregoing, the Trustee agreed to settle the disputes related to the Transfers for the Settlement Amount.

20. The Trustee submits that the foregoing settlement embodies a fair resolution of the matter and that such settlement is in the best interests of the Debtors' estates and should therefore be approved by the Court.

## NOTICE

21. The Trustee has served notice of this Motion on Debtors' counsel, counsel for Baker Botts, the Office of the United States Trustee, and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that such notice is sufficient.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

(A) determining that notice of the Motion is sufficient and proper;

(B) approving the Settlement Agreement pursuant to Fed. R. Bankr. P. 9019; and

(C) granting such other relief as is just and proper.

Respectfully submitted:

Dated: May 15, 2019
Wilmington, DE

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
dklauder@bk-legal.com

— and —

Steven M. Coren
Benjamin M. Mather
Andrew J. Belli
Kaufman Coren & Ress P.C.
Two Commerce Square, Suite 3900
2001 Market Street

Philadelphia, P A 19103
(215) 735-8700

*Counsel for Plaintiff*
*George L. Miller, Ch. 7 Trustee*