**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| OUR ALCHEMY, LLC, *et al.* | Case No. 16-11596 (KG) |
| Debtors. | Jointly Administered |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC, | |
| Plaintiff, | |
| v. | Adv. No. 18-50607 (KG) |
| WALMART, INC. f/k/a WALMART STORES, INC., | **Hearing Date: November 4, 2019 at 1:00 p.m. (ET)**<br>**Objections Due: October 28, 2019 at 4:00 p.m. (ET)** |
| Defendant. | |

**MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING
SETTLEMENT AGREEMENT BETWEEN THE CHAPTER 7 TRUSTEE AND
WALMART, INC. F/K/A WALMART STORES, INC.
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

George L. Miller (the "Trustee"), the Chapter 7 trustee for the jointly administered Chapter 7 bankruptcy estates of Our Alchemy, LLC ("Alchemy") and Anderson Digital, LLC ("Anderson Digital") (collectively, the "Debtors"), by and through his attorneys, Bielli & Klauder, LLC and Kaufman, Coren & Ress, P.C., hereby moves (the "Motion") for the entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 9019, approving the settlement of this adversary case between the Trustee and Defendant Walmart, Inc. f/k/a Walmart Stores, Inc. ("Defendant" or "Walmart"). In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On July 1, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, and the cases are being jointly administered under the caption *In re Our Alchemy, LLC, et al.*, U.S.B.C. D. Del., Case No. 16-11596 (KG).

5. Prior to the Petition Date, the Debtors operated as a distributor of film and television content across all platforms in North America, including DVD, digital, and video-on-demand platforms.

6. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

7. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtor's books and records and identified entities that received payments potentially avoidable under Sections 547, 548, 549 and 550 of the Bankruptcy Code.

8. On June 25, 2018, the Trustee filed a Complaint (the "Complaint") against Walmart initiating the above-captioned adversary proceeding seeking turnover of accounts payable in the amount of approximately $3.7 million and the avoidance of various transfers (the "Claims").

9. On August 1, 2018, Walmart filed an Answer to the Complaint, Affirmative Defenses and Counterclaims, denying any liability on the Claims, and raising counterclaims for setoff, allowance of claims in the bankruptcy case, and breach of contract (the "Counterclaims").

10. On August 29, 2018, the Trustee filed an Answer to the Counterclaims denying any liability thereto.

11. After the Complaint and Answers were filed, the Trustee and Walmart engaged in settlement discussions and a mediation to resolve the issues between the parties.

12. In order to avoid the potential costs, risks and delay of litigation, and after negotiations, mediation, and the exchange of information, the Trustee and Walmart agreed to settle and resolve their disputes relating to the Claims and the Counterclaims.

13. The Trustee and Walmart have entered into a settlement agreement (the "Settlement Agreement") to memorialize the settlement between the parties. The Settlement Agreement is attached hereto as Exhibit A. The material terms of the Settlement Agreement are as follows:

- Walmart shall pay the Trustee the sum of $485,000.00 (the "Settlement Amount") in full and complete satisfaction of the Claims and Counterclaims;

- Walmart shall withdraw its existing proof of claim, is barred from filing a future proof of claim or otherwise assert claims against the Debtors' estates in these bankruptcy cases, will not be a holder of an allowed claim in the bankruptcy cases, and is not entitled to any distribution from the Debtors' bankruptcy estates; and

- Walmart may dispose of any DVDs purchased from the Debtors for the sole benefit of Walmart and in Walmart's sole discretion.

**RELIEF REQUESTED**

14.     By this Motion, the Trustee seeks the entry of an order approving the Settlement Agreement pursuant to Bankruptcy Rule 9019.

15.     Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

16.     The Trustee is obligated to maximize the value of the estate and make his decisions in the best interests of all of the creditors of the estate. See Martin, 91 F.3d at 394.  The Trustee believes, in his business judgment, that the settlement of the disputes related to the Transfers, as embodied in the Settlement Agreement, is in the best interests of the estate and all of the creditors, especially in light of the cost, uncertainty and delay of litigation.  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. See Martin, 91 F.3d at 395.

17.     In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393.  In striking this balance, courts should consider four factors: "i) the probability of success in the litigation; ii) the likely difficulties in collection; iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and iv) the paramount interest of the creditors." Id. (citation omitted).

18. A review of these four factors demonstrates that the settlement with Walmart related to the Claims and Counterclaims as set out in the Settlement Agreement is in the best interests of the estate and all of the creditors.

19. In discussions with the Trustee and in its Answer and Counterclaims, Walmart not only asserted potential defenses which, if litigated, could reduce Walmart's liability in this case, but also asserted affirmative claims that could potentially harm the bankruptcy estates.

20. As a result of the foregoing, the Trustee agreed to settle the disputes related to the Claims and Counterclaims for the Settlement Amount.

21. The Trustee submits that the foregoing settlement embodies a fair resolution of the matter and that such settlement is in the best interests of the Debtors' estates and should therefore be approved by the Court.

## NOTICE

22. The Trustee has served notice of this Motion on Debtors' counsel, counsel for Walmart, the Office of the United States Trustee, and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that such notice is sufficient.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

(A) determining that notice of the Motion is sufficient and proper;

(B) approving the Settlement Agreement pursuant to Fed. R. Bankr. P. 9019; and

(C) granting such other relief as is just and proper.

Respectfully submitted:

Dated: October 14, 2019     **BIELLI & KLAUDER, LLC**
Wilmington, DE

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
dklauder@bk-legal.com

— and —

Steven M. Coren
Benjamin M. Mather
Andrew J. Belli
Kaufman Coren & Ress P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, P A 19103
(215) 735-8700

*Counsel for Plaintiff*
*George L. Miller, Ch. 7 Trustee*