# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| OUR ALCHEMY, LLC, *et al.*[1] | Case No. 16-11596 (JTD) |
| Debtors. | (Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC, | |
| Plaintiff, | |
| v. | Adv. No. 20- |
| BETTY T. YEE, IN HER CAPACITY AS CONTROLLER OF THE STATE OF CALIFORNIA, | |
| Defendant. | |

## COMPLAINT TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE

Plaintiff, George L. Miller, in his capacity as the chapter 7 trustee for the bankruptcy estates (the "Estates") of Our Alchemy, LLC and Anderson Digital, LLC (the "Debtors"), (hereinafter referred to as the "Plaintiff" or the "Trustee"), by his undersigned attorneys, in support of this complaint (the "Complaint"), hereby alleges the following:

---

[1] The Debtors are Our Alchemy, LLC, Case No. 16-11596, and Anderson Digital, LLC, Case No. 16-11597.

## JURISDICTION AND VENUE

1.      On July 1, 2016, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in this Court, commencing these bankruptcy cases (the "Bankruptcy Cases").

2.      This adversary proceeding arises under the Bankruptcy Code and arises in the Bankruptcy Cases. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E). The statutory predicates for the relief sought herein are sections 105(a) and 542 of the Bankruptcy Code.

3.      The Plaintiff consents to entry of final orders and judgment by this Court in this adversary proceeding.

## PARTIES

4.      The Plaintiff is the Trustee for the Estates of the Debtors. On or shortly after the Petition Date, the Trustee was appointed by the Office of the United States Trustee to serve as the duly authorized Trustee for the Estates of the Debtors and he continues to serve in this capacity.

5.      The defendant is Betty T. Yee, in her capacity as Controller of the State of California (the "Defendant"). The Defendant has a principal place of business located at 300 Capitol Mall, Suite 1850, Sacramento, California 95814. The Defendant also maintains an Unclaimed Property Division located at 10600 White Rock Road, Suite 141, Rancho Cordova, California 95670.

**BACKGROUND**

6.    Prior to the Petition Date, the Debtors operated as a film and media distributor. The Debtors' business included acquiring and distributing feature films, television series, and other programming via multiple platforms, including online, electronic, and hard copy distribution channels.

7.    During the Bankruptcy Cases, the Plaintiff learned that Hulu LLC ("Hulu") escheated funds which were payable to Debtor Anderson Digital, LLC, in the amount of $1,349,476.66 (the "Funds"), to the State of California, Property ID 1000155937.  The Funds relate to pre-petition film title revenues generated on Hulu's digital content platform which were due and owing to the Debtor, Anderson Digital, LLC.  The Funds remain under the custody and supervision of the California Office of the State Controller and/or its Unclaimed Property Division.

8.    The Plaintiff submitted an Unclaimed Property Claim Affirmation Form (the "Claim Form") to the Defendant on October 7, 2019, seeking to collect the Funds.  The Plaintiff included documentation with the Claim Form evidencing the pendency of the Bankruptcy Cases and the Plaintiff's identity as the duly appointed Trustee for the Estates of the Debtors.

9.    The California State Controller's website reflects that the Plaintiff's claim for the Funds, Claim ID 16917678 in the amount of $1,349,476.66, Property ID 1000155937 was received on October 14, 2019.

10.    The Plaintiff has followed up with the Unclaimed Property Division numerous times during the past 13 months, but the Plaintiff still has not been given a definitive timeframe for remittance of the Funds.

11. On August 7, 2020, the Defendant issued a letter to the Plaintiff stating that the Plaintiff's claim to the Funds was submitted on that date to the Defendant's legal office for review. Four months later, there have been no further developments.

12. The Funds are necessary to the Plaintiff's administration of the Estates.

13. The Plaintiff may use the Funds under section 363 of the Bankruptcy Code.

14. The Funds are not of inconsequential value or benefit to the Estates.

15. The Defendant has not disputed that the Funds are the Debtors' property and that the Plaintiff as Trustee is entitled to receive them. Indeed, the Defendant long has possessed all of the information necessary to confirm that the Funds should be delivered to the Trustee. The Defendant has failed, however, to deliver the Funds to the Plaintiff without justification.

## COUNT I

**Turnover of Property of the Estate Pursuant to Section 542(a) of the Bankruptcy Code**

16. The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15 above as if fully set forth herein.

17. Section 542(a) of the Bankruptcy Code provides in pertinent part that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under 363 of this title, or that the debtor may exempt under 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property . . . ." 11 U.S.C. § 542(a).

18. The Funds are property of the Estates pursuant to section 541 of the Bankruptcy Code.

19.    Accordingly, pursuant to section 542 of the Bankruptcy Code, the Defendant must deliver to Plaintiff the Funds, plus any and all related fees, costs, and/or damages that may be proven at trial.

WHEREFORE, the Plaintiff prays that the Defendant be ordered immediately to deliver the Funds to the Plaintiff, and that the Plaintiff be granted such further relief as is just.

Dated:  December 7, 2020
Wilmington, DE

        COZEN O'CONNOR

        */s/ John T. Carroll, III*
        _____
        John T. Carroll, III, Esq. (No. 4060)
        1201 North Market Street
        Suite 1001
        Wilmington, DE 19801
        Telephone:  (302) 295-2028
        Facsimile:   (215) 701-2140
        jcarroll@cozen.com

        Eric L. Scherling, Esq. (*not admitted in DE*)
        Cozen O'Connor
        One Liberty Place
        1650 Market Street
        Suite 2800
        Philadelphia, PA 19103
        Telephone:  (215) 665-2042
        Facsimile:   (215) 701-2081
        escherling@cozen.com

        *Counsel to George L. Miller, Chapter 7 Trustee*