**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OUR ALCHEMY, LLC, *et al.*,<br><br>      *Debtors*.[1] | Chapter 7<br><br>Case No. 16-11596-JTD<br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC,<br><br>      *Plaintiff*,<br>v.<br><br>ANCONNECT, LLC, *et al.*,<br><br>      *Defendants*. | Adv. Pro. No. 18-50633-JTD<br><br>**Hearing Date:**<br>**March 16, 2022 at 10:00 a.m. (ET)**<br><br>**Objection Date:**<br>**February 15, 2022 at 4:00 p.m. (ET)** |

**MOTION OF CHAPTER 7 TRUSTEE PURSUANT TO FED. R. BANKR. P. 9019
FOR AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN PLAINTIFF
GEORGE L. MILLER, CHAPTER 7 TRUSTEE AND DEFENDANT FREYR THOR**

    George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors Our Alchemy, LLC ("Alchemy") and Anderson Digital, LLC ("Anderson" and together with Alchemy, the "Debtors"), hereby respectfully files this motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), seeking an order approving a settlement agreement between Plaintiff, George L. Miller, solely in his capacity as the Chapter 7 Trustee of the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC,

---

[1] The Debtors are: Our Alchemy, LLC, Case No. 16-11596 and Anderson Digital, LLC, Case No. 16-11597.

on one hand, and Freyr Thor (the "Settling Defendant" or "Thor"), on the other, (the "Thor Defendant Settlement Agreement")[2], a copy of which is attached hereto and incorporated herein by reference as Exhibit "A", and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Thor Defendant Settlement Agreement and granting other related relief as described herein. The Trustee and the Settling Defendant or Thor are referred to collectively as the "Settling Parties"). In support of the Motion, the Trustee avers the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee has standing to request the relief stated in the Motion. The statutory predicates for the relief sought herein are section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

## BACKGROUND

2. On July 1, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

3. On or shortly after the Petition Date, the Office of the United States Trustee appointed George L. Miller as the duly authorized chapter 7 trustee for the Estates of the Debtors, and he continues to serve in this capacity.

4. On December 6, 2016, the Bankruptcy Court entered an *Order Directing Joint Administration and Procedural Consolidation* (Dkt. No. 347) of the Debtors' bankruptcy cases

---

[2] Unless otherwise expressly defined herein, capitalized terms shall have the meanings ascribed to them in the Thor Defendant Settlement Agreement.

("Debtors' Chapter 7 Cases") which proceeded under the caption *In re Our Alchemy, LLC, et al.,* Case No. 16-11596 (JTD).

5. Prior to the commencement of the Debtors' Chapter 7 Cases, the Debtors operated as film and media distributors. The Debtors, among other things, acquired, licensed and distributed feature films, television series, and other programming via multiple platforms, including online, electronic, and hard copy distribution channels.

6. On June 29, 2018, the Trustee commenced an adversary proceeding in the Bankruptcy Court against (i) Virgo Investment Group, LLC; Virgo Societas Partners, LLC; Virgo Societas Partnership III (Onshore), L.P.; Virgo Societas Partnership III (Offshore), L.P.; Virgo Service Company, LLC; OA Investment Partners, LLC; OA Investment Holdings, LLC; Jesse Watson; Mark Perez; and Todd Dorfman (collectively, the "Virgo Defendants"); (ii) ANConnect, LLC; Anderson Merchandisers, LLC; and Anderson Merchandisers Canada, Inc. (collectively, the "Anderson Defendants"); (iii) ARC Entertainment, LLC; and Ardon Moore (collectively, the "ARC Defendants"); (iv) Steven Lyons ("Lyons"); (v) Thor; and (vi) Bill Lee ("Lee"), in a case styled *George L. Miller v. ANConnect, LLC, et al.*, 18-50633 (JTD), asserting causes of action against the Defendants for, inter alia, the avoidance and recovery of certain transfers by or on behalf of the Debtors under the Bankruptcy Code and Delaware Uniform Fraudulent Transfer Act, unjust enrichment, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and breach of contract (the "Adversary Proceeding").[3]

7. The Settling Parties reached agreement to settle as memorialized in the Thor Defendant Settlement Agreement after participation in a voluntary mediation (the "Mediation") conducted before The Hon. James Peck (Ret.) (the "Mediator"). The Mediator received extensive submissions from the participating parties, conducted numerous pre-mediation

---

[3] The ARC Defendants and Lee did not respond to the Trustee's complaint

conferences and arguments, and conducted an in-person mediation in New York City on September 28, 2021, after which negotiations between the Settling Parties continued.

8. No settlement has been reached between the Trustee on the one hand and the Anderson Defendants, the ARC Defendants, and Lee (collectively, the "Non-Settling Defendants") on the other, and the Adversary Proceeding will continue against the Non-Settling Defendants. The Trustee has also separately entered into a Settlement Agreement with the Virgo Defendants and Lyons, which were approved by this Court in Orders dated November 17, 2021 (Adv. D.I. Nos. 210 and 211).

9. The Settling Parties desire to settle all claims between them in any way, directly or indirectly, arising from or relating to the facts, circumstances, events and/or transactions underlying the Adversary Proceeding, whether or not asserted therein, the Debtors and the Debtors' bankruptcy estates.

## RELIEF REQUESTED

10. By this Motion, the Trustee respectfully seeks an order of this Bankruptcy Court approving the Thor Defendant Settlement Agreement with the Settling Defendant and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms and provisions of the Thor Defendant Settlement Agreement, and providing that the Bankruptcy Court retain jurisdiction to enforce the Thor Defendant Settlement Agreement.

## KEY TERMS OF THE THOR DEFENDANT SETTLEMENT AGREEMENT

11. The complete terms and conditions of the Trustee's settlement with the Settling Defendant are more fully set forth in the Thor Defendant Settlement Agreement (Exhibit "A")

and should be referred to in their entirety. Salient provisions of the Thor Defendant Settlement Agreement include, *inter alia,* the following: [4]

        A.       <u>Settlement Payment</u>. Thor shall pay to the Trustee the sum of One Hundred Thousand Dollars ($100,000.00) in immediately available funds (the "<u>Settlement Payment</u>"), by wire transfer pursuant to the wire instructions to be provided separately by the Trustee, with payment to be due as follows: Twenty Five Thousand Dollars ($25,000.00) due within ten (10) days of the Effective Date (the "<u>First Installment Payment</u>") and Seventy Five Thousand Dollars ($75,000.00) due on or before May 31, 2022. In the event the Settlement Payment has not been paid in full by May 31, 2022, then: (a) the Settlement Payment shall be increased to One Hundred Fifty Thousand Dollars ($150,000.00) (the "<u>Increased Settlement Payment</u>"); and (b) the Court shall enter judgment against Thor in the amount of the Increased Settlement Payment, with Thor entitled to a credit for the amounts actually paid through the entry of judgment.

        B.       <u>Trustee's / Debtors' Releases</u>. Upon receipt of the Settlement Payment (or the Increased Settlement Payment if applicable), except for the obligations under this Agreement, the Trustee (but only in his capacity as such), the Debtors, and the Debtors' estates shall, without further action, irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge Thor, and his spouse, heirs, executors, administrators and attorneys (but only in their capacities as such), successors, or assigns excluding, however from the scope of this release, the Non-Settling Defendants, Stroock & Stroock & Lavan LLP, against whom the Trustee has asserted claims in the matter of *George L. Miller v. Stroock & Stroock & Lavan LLP*, Bankr. D. Del. Adv. No. 18-50630 (JTD), Charles C. Anderson, Jr. a/k/a Charlie Anderson, any member, partner, owner or affiliate of the Non-Settling Defendants, and any defendant in the Adversary Proceeding (who is not a Settling Defendant) of and from any claim (as that term is defined in section 101(5) of the Bankruptcy Code), obligation, suit, judgment, damages, demand, debt, right (including without limitation, rights of indemnity, contribution, payment, and reimbursement), liability, or cause of action, whether known or unknown, direct or indirect, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, statute, or otherwise, arising out of or relating to (i) the claims which were asserted or could have been asserted in the Adversary Proceeding, or (ii) which arise out of Thor's interactions with the Debtors. Notwithstanding the foregoing, this release shall not release, discharge, or prejudice the Trustee's claims against the Non-Settling Defendants or anyone other than those parties specifically released.

        C.       <u>Settling Defendant's Release</u>. Upon the Effective Date, except for the obligations under this Agreement, Thor shall, without further action, irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge the Trustee (solely in his capacity as such), the Trustee's professionals and agents (but only in their capacities as such), the Debtors, the Debtors' estates, and their respective spouses, heirs, parents, subsidiaries, affiliates, members, directors, officers, managers, employees, attorneys (but only in their

---

[4] In the event there is a discrepancy between the terms set forth in the Thor Defendant Settlement Agreement and the summary of same contained in this Motion, the Thor Defendant Settlement Agreement shall be controlling.

capacities as such), agents (but only in their capacities as such), successors, or assigns of and from any claim (as that term is defined in section 101(5) of the Bankruptcy Code), obligation, suit, judgment, damages, demand, debt, right (including without limitation, rights of indemnity, contribution, payment, and reimbursement), liability, or cause of action, whether known or unknown, direct or indirect, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, arising out of or relating to (i) the claims which were asserted or could have been asserted in the Adversary Proceeding, or (ii) which arise out of Thor's interactions with the Debtors or the Debtors' Chapter 7 cases. Upon the Effective Date, Thor shall have relinquished any claim to any right, title or interest in or to the property of the Debtors and any right to assert a claim of any sort against the Debtors.

        D.    <u>Release of Unknown Claims</u>. The releases provided by the Trustee, Debtors, and Settling Defendant in the Agreement include the release of unknown claims, which include claims which, if known by such person, might have affected its decision with respect to the settlement or the releases provided as part of the settlement. Each of those persons voluntarily and knowingly waives and relinquishes any and all rights and benefits which they have or may have under the laws of any jurisdiction. Each of the Settling Parties acknowledges that it has been advised by its attorneys concerning, and is familiar with, California Civil Code Section 1542 and expressly waives any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to the provisions of the California Civil Code Section 1542, including that provision itself, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Settling Parties acknowledge that inclusion of the provisions of this section was a material and separately bargained for element of the Agreement. The Trustee, Debtors, and Settling Defendant are aware that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Agreement, but except as expressly provided in the releases, it is their intention fully, finally, and forever to settle and release any and all of the claims, demands, and causes of action falling within the scope of the releases provided for in the Agreement upon the Effective Date.

        E.    <u>Claim / Objection Waivers</u>.

        i.    As of the Effective Date, the Settling Defendant waives any and all claims he has or might have had against the Debtors' estates in Debtors' Chapter 7 Cases, including without limitation any filed proof of claim or scheduled claim, and waive the right to file or assert any claim in Debtors' Chapter 7 Cases.

    ii.  The Settling Defendant irrevocably, unconditionally, fully, finally and forever waives and releases any and all rights to object to the fees and expenses of the Trustee and the Trustee's professionals incurred in Debtors' Chapter 7 Cases, and to the Trustee's administration of Debtors' Chapter 7 Cases.

  F.  <u>Dismissal of Claims Against Thor</u>.

No later than five (5) business days after the Trustee's receipt of the Settlement Payment (or the Increased Settlement Payment if applicable), the Settling Parties will execute, and the Trustee will file in the Adversary Proceeding, a stipulation dismissing with prejudice, with each Party to bear its own fees and costs (the "<u>Dismissal Stipulation</u>"), all claims asserted in the Adversary Proceeding by the Trustee against Thor.

  G.  <u>Waiver of Contribution Claims</u>.

Thor hereby waives, relinquishes, releases and discharges any claim for contribution or indemnification against Lyons, the Virgo Defendants, or any other person or entity, including but not limited to any right to recover from the Virgo Defendants, Lyons or any other person or entity any portion of Thor's Settlement Payment.

  H.  <u>Cooperation with Litigation</u>. This Adversary Proceeding will continue against the Non-Settling Defendants. Thor agrees to cooperate with and make himself available to the Trustee and his counsel, as they may reasonably request, to assist the Trustee as a percipient witness with the prosecution of the claims against the Non-Settling Defendants and others. Thor's cooperation will include, but is not necessarily limited to: (a) making himself available for interviews with the Trustee and his counsel from time-to-time at times and places reasonably convenient to Thor; (b) appearing for testimony at a deposition or trial if requested by the Trustee (with reasonable out-of-pocket travel expenses to be reimbursed by the Trustee from the Debtors' estates); (c) providing relevant documents and electronic information to the Trustee as requested from time-to-time; and (d) providing to the best of Thor's knowledge and belief information, testimony and documentary evidence concerning the Debtors and the Anderson Defendants.

  I.  <u>Settling Party Representations</u>. Each Settling Party hereby represents and warrants that: (a) such Settling Party and the signatory hereto has the power and authority to execute, deliver and perform this Agreement; (b) such Settling Party has taken all necessary actions to authorize the execution, delivery and performance of this Agreement; (c) this agreement has been duly executed and delivered by such Settling Party and constitutes the legal, valid, and binding obligations of such Settling Party, enforceable against it in accordance with their respective terms; (d) such Settling Party's execution, delivery, and performance of this Agreement does not and will not conflict with, or constitute a violation or breach of, or constitute default under any obligation of such Settling Party and will not violate any applicable law, or any order or decree of any court or government instrumentality applicable to such Settling Party; and (e) such Settling Party has entered into this Agreement in reliance on its own independent investigation and analysis of the facts underlying the subject matter of this Agreement, and no representations, warranties, or promises of any kind have been made directly or indirectly to

induce it to execute this Agreement other than those that are expressly set forth in this Agreement.

## BASIS FOR RELIEF REQUESTED

12.     The Bankruptcy Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order... that is necessary or appropriate to carry out the provisions of this title."  Rule 9019 of the Bankruptcy Rules grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[5]  Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'"  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)).  In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

13.     Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate."  *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801).  To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement.  *Martin*, 91 F.3d at 393.  In striking this balance, the court should consider the following factors:

    a.     The probability of success in the litigation;

---

[5] Rule 9019(a) of the Bankruptcy Rules provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

b. The complexity, expense and likely duration of the litigation;

c. The possibilities of collecting on any judgment which might be obtained;

d. All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

e. Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968). *See also Martin*, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, but rather the Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), *quoting In re Drexel Lambert Group, Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991). *See also, Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

14. The Thor Defendant Settlement Agreement is the product of the Trustee and the Settling Defendant's participation in the Mediation and the negotiations related thereto. In making the decision to enter into the Thor Defendant Settlement Agreement, the Trustee has considered among other factors: (i) the risks and expenses of protracted litigation; (ii) the need and benefit of resolving litigation in an expeditious manner; and (iii) the fact that the Settlement Payment represents a substantial recovery for the Estates of the Debtors.

15. The Trustee respectfully submits, in the exercise of his business judgment that all of the foregoing factors reflect that the Thor Defendant Settlement Agreement is a fair and

equitable settlement which meets or exceeds the required range of reasonableness and should be approved by this Bankruptcy Court as being in the best interests of the Estates and the Debtors' creditors.

## NOTICE

16. Notice of this Motion has been given to: (a) counsel to the Debtors, (b) the United States Trustee, (c) counsel to Thor, (d) counsel to the Virgo Defendants, (e) counsel to the Non-Settling Defendants, (f) the Debtors' twenty largest unsecured creditors, and (g) all parties in interest having requested notice to date pursuant to Rule 2002 (the "Notice Parties"). In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order substantially in the form attached hereto approving the Thor Defendant Settlement Agreement (Exhibit "A"), authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the Thor Defendant Settlement Agreement, and providing that the Bankruptcy Court retain jurisdiction to enforce the Thor Defendant Settlement Agreement.

Date: January 24, 2022
     Wilmington, DE

COZEN O'CONNOR

By:   */s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
1201 North Market Street
Suite 1001
Wilmington, DE 19801
302-295-2028
302-295-2013 Fax
Email: jcarroll@cozen.com

KAUFMAN, COREN & RESS, P.C.
Steven M. Coren (*Pro Hac Vice*)
Two Commerce Square
Suite 3900
2001 Market Street
Philadelphia, PA 19103
215-735-8700
215-735-5170 Fax
Email: SCoren@kcr-law.com

*Counsel to George L. Miller,
Chapter 7 Trustee*