EXHIBIT "A"

Thor Defendant Settlement Agreement

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of December 26, 2021, by and among the following parties (referred to collectively as the "Settling Parties" and individually as a "Settling Party"): (a) George L. Miller, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the jointly administered bankruptcy estates of Our Alchemy, LLC ("Alchemy") and Anderson Digital, LLC ("Anderson Digital," and collectively with Alchemy, the "Debtors"), on one hand, and (b) Freyr Thor (the "Settling Defendant" or "Thor") on the other.

## RECITALS

WHEREAS, on July 1, 2016 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United State Code (the "Bankruptcy Code") in the United States Bankruptcy Court of the District of Delaware (the "Bankruptcy Court");

WHEREAS, on December 6, 2016, the Bankruptcy Court entered an *Order Directing Joint Administration and Procedural Consolidation* (Dkt. No. 347) of the Debtors' bankruptcy cases ("Debtors' Chapter 7 Cases") which proceeded under the caption *In re Our Alchemy, LLC, et al.*, U.S.B.C.D. Del., Case No. 16-11596 (JTD);

WHEREAS, on June 29, 2018, the Trustee commenced an adversary proceeding in the Bankruptcy Court against (i) Virgo Investment Group, LLC; Virgo Societas Partners, LLC; Virgo Societas Partnership III (Onshore), L.P.; Virgo Societas Partnership III (Offshore), L.P.; Virgo Service Company, LLC; OA Investment Partners, LLC; OA Investment Holdings, LLC; Jesse Watson; Mark Perez; and Todd Dorfman (collectively, the "Virgo Defendants"); (ii) ANConnect, LLC; Anderson Merchandisers, LLC; and Anderson Merchandisers Canada, Inc. (collectively, the "Anderson Defendants"); (iii) ARC Entertainment, LLC; and Ardon Moore (collectively, the "ARC Defendants"); (iv) Steve Lyons ("Lyons"); (v) Thor; and (vi) Bill Lee ("Lee"), in a case styled *George L. Miller v. ANConnect, LLC, et al.*, 18-50633 (JTD), asserting causes of action against the Defendants for, *inter alia*, the avoidance and recovery of certain transfers by or on behalf of the Debtors under the Bankruptcy Code and Delaware Uniform Fraudulent Transfer Act, unjust enrichment, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and breach of contract (the "Adversary Proceeding");[1]

WHEREAS, by Order of the Bankruptcy Court entered June 7, 2021, the Honorable James Peck (the "Mediator") was approved to conduct a private mediation in the Adversary Proceeding, in which the Trustee, the Virgo Defendants, the Anderson Defendants, Thor and Lyons participated (the "Mediation");

WHEREAS, the Mediator held numerous virtual conferences with the participating parties, culminating with an in-person mediation session in New York City on September 28, 2021;

WHEREAS, as a result of the Mediation, the Trustee has entered into Settlement Agreements with the Virgo Defendants and Lyons, which have been approved by the

---

[1] The ARC Defendants and Lee did not respond to the Trustee's complaint.

Bankruptcy Court;

WHEREAS, Thor denies the Trustee's allegations in the Adversary Proceeding and has asserted defenses to each of the Trustee's causes of action;

WHEREAS, in order to avoid the high costs and uncertainties of litigation, the Settling Parties have decided to compromise, settle, forever resolve, and finally dispose of any and all claims between the Settling Parties relating in any way to the Debtors or the Debtors' bankruptcy estates;

WHEREAS, the Settling Parties desire to settle all claims between them in any way, directly or indirectly, arising from or relating to the facts, circumstances, events and/or transactions underlying the Adversary Proceeding, the Debtors and the Debtors' bankruptcy estates;

WHEREAS, no settlement has been reached between the Trustee on the one hand and the Anderson Defendants, the ARC Defendants, and Lee (collectively, the "Non-Settling Defendants") on the other, and the Adversary Proceeding will continue against the Non-Settling Defendants.

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to the Bankruptcy Court's approval of this Agreement, the Settling Parties hereby agree as follows:

1. Recitals. Each of the recitals set forth above are incorporated herein, and the Settling Parties acknowledge that each recital is true and correct.

2. Effective Date. The term "Effective Date" shall mean the date on which an order approving this Agreement that has been entered by the Bankruptcy Court (the "Approval Order") has become a final order. The Approval Order shall be deemed a final order (a) when the time for appeal has passed without an appeal having been taken, or (b) if a timely appeal has been taken, when the appeal has been resolved with the Approval Order intact (or modified in a manner acceptable to the Settling Parties). Notwithstanding the foregoing, the filing of an appeal by a party without standing to object to the Agreement shall not constitute the filing of an appeal for purposes of impacting or delaying the Effective Date unless a stay of the Approval Order has been entered.

3. Settlement Payment. Thor shall pay to the Trustee the sum of One Hundred Thousand Dollars ($100,000.00) in immediately available funds (the "Settlement Payment"), by wire transfer pursuant to the wire instructions to be provided separately by the Trustee, with payment to be due as follows: Twenty Five Thousand Dollars ($25,000.00) due within ten (10) days of the Effective Date (the "First Installment Payment") and Seventy Five Thousand Dollars ($75,000.00) due on or before May 31, 2022. In the event the Settlement Payment has not been paid in full by May 31, 2022, then: (a) the Settlement Payment shall be increased to One Hundred Fifty Thousand Dollars ($150,000.00) (the "Increased Settlement Payment"); and (b) the Court shall enter judgment against Thor in the amount of the Increased Settlement Payment, with Thor entitled to a credit for the amounts actually paid through the entry of judgment.

4. **Bankruptcy Court Approval.** Promptly after all Settling Parties have executed this Agreement, the Trustee shall file a motion (the "9019 Motion") with the Bankruptcy Court requesting approval of this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5. **Trustee's / Debtors' Releases.** Upon receipt of the Settlement Payment (or the Increased Settlement Payment if applicable), except for the obligations under this Agreement, the Trustee (but only in his capacity as such), the Debtors, and the Debtors' estates shall, without further action, irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge Thor, and his spouse, heirs, executors, administrators and attorneys (but only in their capacities as such), successors, or assigns excluding, however from the scope of this release, the Non-Settling Defendants, Stroock & Stroock & Lavan LLP, against whom the Trustee has asserted claims in the matter of *George L. Miller v. Stroock & Stroock & Lavan LLP*, Bankr. D. Del. Adv. No. 18-50630 (JTD), Charles C. Anderson, Jr. a/k/a Charlie Anderson, any member, partner, owner or affiliate of the Non-Settling Defendants, and any defendant in the Adversary Proceeding (who is not a Settling Defendant) of and from any claim (as that term is defined in section 101(5) of the Bankruptcy Code), obligation, suit, judgment, damages, demand, debt, right (including without limitation, rights of indemnity, contribution, payment, and reimbursement), liability, or cause of action, whether known or unknown, direct or indirect, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, statute, or otherwise, arising out of or relating to (i) the claims which were asserted or could have been asserted in the Adversary Proceeding, or (ii) which arise out of Thor's interactions with the Debtors. Notwithstanding the foregoing, this release shall not release, discharge, or prejudice the Trustee's claims against the Non-Settling Defendants or anyone other than those parties specifically released.

6. **Settling Defendant's Release.** Upon the Effective Date, except for the obligations under this Agreement, Thor shall, without further action, irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge the Trustee (solely in his capacity as such), the Trustee's professionals and agents (but only in their capacities as such), the Debtors, the Debtors' estates, and their respective spouses, heirs, parents, subsidiaries, affiliates, members, directors, officers, managers, employees, attorneys (but only in their capacities as such), agents (but only in their capacities as such), successors, or assigns of and from any claim (as that term is defined in section 101(5) of the Bankruptcy Code), obligation, suit, judgment, damages, demand, debt, right (including without limitation, rights of indemnity, contribution, payment, and reimbursement), liability, or cause of action, whether known or unknown, direct or indirect, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, arising out of or relating to (i) the claims which were asserted or could have been asserted in the Adversary Proceeding, or (ii) which arise out of Thor's interactions with the Debtors or the Debtors' Chapter 7 cases. Upon the Effective Date, Thor shall have relinquished any claim to any right, title or interest in or to the property of the Debtors and any right to assert a claim of any sort against the Debtors.

7. **Release of Unknown Claims.** The releases provided by the Trustee, Debtors, and Settling Defendant in this Agreement include the release of unknown claims, which include claims which, if known by such person, might have affected its decision with respect to the settlement or the releases provided as part of the settlement. Each of those persons voluntarily and knowingly waives and relinquishes any and all rights and benefits which they have or may

have under the laws of any jurisdiction. Each of the Settling Parties acknowledges that it has been advised by its attorneys concerning, and is familiar with, California Civil Code Section 1542 and expressly waives any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to the provisions of the California Civil Code Section 1542, including that provision itself, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASEAND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Settling Parties acknowledge that inclusion of the provisions of this section was a material and separately bargained for element of this Agreement. The Trustee, Debtors, and Settling Defendant are aware that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Agreement, but except as expressly provided in the releases, it is their intention fully, finally, and forever to settle and release any and all of the claims, demands, and causes of action falling within the scope of the releases provided for in this Agreement upon the Effective Date.

8. Claim / Objection Waivers.

    8.1 As of the Effective Date, the Settling Defendant waives any and all claims he has or might have had against the Debtors' estates in Debtors' Chapter 7 Cases, including without limitation any filed proof of claim or scheduled claim, and waive the right to file or assert any claim in Debtors' Chapter 7 Cases.

    8.2 The Settling Defendant irrevocably, unconditionally, fully, finally and forever waives and releases any and all rights to object to the fees and expenses of the Trustee and the Trustee's professionals incurred in Debtors' Chapter 7 Cases, and to the Trustee's administration of Debtors' Chapter 7 Cases.

9. Dismissal of Claims Against Thor.

No later than five (5) business days after the Trustee's receipt of the Settlement Payment (or the Increased Settlement Payment if applicable), the Settling Parties will execute, and the Trustee will file in the Adversary Proceeding, a stipulation dismissing *with prejudice*, with each Party to bear its own fees and costs (the "Dismissal Stipulation"), all claims asserted in the Adversary Proceeding by the Trustee against Thor.

10. Waiver of Contribution Claims.

Thor hereby waives, relinquishes, releases and discharges any claim for contribution or indemnification against Lyons, the Virgo Defendants, or any other person or entity, including but not limited to any right to recover from the Virgo Defendants, Lyons or any other person or entity any portion of Thor's Settlement Payment.

11. <u>Cooperation with Litigation</u>. This Adversary Proceeding will continue against the Non-Settling Defendants. Thor agrees to cooperate with and make himself available to the Trustee and his counsel, as they may reasonably request, to assist the Trustee as a percipient witness with the prosecution of the claims against the Non-Settling Defendants and others. Thor's cooperation will include, but is not necessarily limited to: (a) making himself available for interviews with the Trustee and his counsel from time-to-time at times and places reasonably convenient to Thor; (b) appearing for testimony at a deposition or trial if requested by the Trustee (with reasonable out-of-pocket travel expenses to be reimbursed by the Trustee from the Debtors' estates); (c) providing relevant documents and electronic information to the Trustee as requested from time-to-time; and (d) providing to the best of Thor's knowledge and belief information, testimony and documentary evidence concerning the Debtors and the Anderson Defendants.

12. <u>Settling Party Representations</u>. Each Settling Party hereby represents and warrants that: (a) such Settling Party and the signatory hereto has the power and authority to execute, deliver and perform this Agreement; (b) such Settling Party has taken all necessary actions to authorize the execution, delivery and performance of this Agreement; (c) this Agreement has been duly executed and delivered by such Settling Party and constitutes the legal, valid, and binding obligations of such Settling Party, enforceable against it in accordance with their respective terms; (d) such Settling Party's execution, delivery, and performance of this Agreement does not and will not conflict with, or constitute a violation or breach of, or constitute a default under any obligation of such Settling Party and will not violate any applicable law, or any order or decree of any court or government instrumentality applicable to such Settling Party; and (e) such Settling Party has entered into this Agreement in reliance on its own independent investigation and analysis of the facts underlying the subject matter of this Agreement, and no representations, warranties, or promises of any kind have been made directly or indirectly to induce it to execute this Agreement other than those that are expressly set forth in this Agreement.

13. <u>Cancellation of Agreement</u>. If the Effective Date does not occur, unless the Settling Parties otherwise agree in writing, this Agreement will be null and void as of the date that an order denying the 9019 Motion becomes a final, non-appealable order, and each of the Settling Parties will revert to their respective positions that existed on the date immediately prior to execution of this Agreement.

14. <u>No Assignment</u>. Each of the Settling Parties represents and warrants that it has not assigned or transferred any released matter or any right to consideration provided pursuant to this Agreement.

15. <u>No Admission of Liability</u>. This Agreement constitutes a compromise of the Settling Parties' disputes. Nothing contained herein shall in any way constitute or be deemed to be an admission or concession by any Settling Party as to any matter, including with respect to the truth of any fact alleged by the Trustee against the Settling Defendant, or any Settling Party against another, or the validity of any claim or cause of action that has been or could be asserted in any of the claims that are settled herein. Except in a dispute seeking enforcement of this Agreement, nothing in this Agreement or any of its terms, or any negotiations or proceedings connected with this Agreement, or any documents or statements referred to therein, shall be

admissible in evidence against any Settling Party in any litigation, matter, or proceeding between any of the Settling Parties.

16. <u>Continuing Bankruptcy Court Jurisdiction</u>. The Settling Parties agree that the Bankruptcy Court shall retain exclusive jurisdiction to enforce this Agreement and the Settling Parties consent to the jurisdiction of the Bankruptcy Court over the enforcement of the provisions of this Agreement.

17. <u>Voluntary Agreement</u>. Each Settling Party acknowledges that it has read all the terms of this Agreement, has had an opportunity to consult with counsel of its own choosing or voluntarily waived such right, and enters into this Agreement voluntarily and without duress.

18. <u>Joint Drafting</u>. This Agreement shall be deemed to have been jointly drafted by the Settling Parties, and in construing or interpreting this Agreement, no provision shall be construed or interpreted for or against any Settling Party because such provision or any other provision of the Agreement was purportedly prepared or requested by such Settling Party.

19. <u>Applicable Law</u>. The validity, interpretation and performance of this Agreement shall be construed and interpreted according to the laws of the State of Delaware, except to the extent inconsistent with federal law.

20. <u>Attorneys' Fees, Costs and Expenses</u>. Each of the Settling Parties agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters raised in the Debtors' Chapter 7 Cases, the Adversary Proceeding and/or this Agreement.

21. <u>Successors and Assigns</u>. This Agreement shall be binding on and inure to the benefit of the Settling Parties and their respective agents, employees, affiliates, successors and assigns.

22. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Agreement. Delivery of a signature page to this Agreement by facsimile or other electronic means shall be effective as delivery of the original signature page to this Agreement.

23. <u>Entire Agreement</u>. This document contains the entire Agreement between the Settling Parties and may be modified only in a writing signed by all of the Settling Parties or their duly appointed agents. All prior agreements and understandings between the Parties concerning the subject matter hereof are superseded by the terms of this document.

24. <u>Divisions and Headings.</u> The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

WHEREFORE, the Settling Parties have executed this Agreement as of the date first set forth above.

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE FOR THE JOINTLY ADMINISTERED BANKRUPTCY ESTATES OF OUR ALCHEMY, LLC AND ANDERSON DIGITAL, LLC**

By: George L. Miller

**FREYR THOR**

By: Freyr Thor