## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Our Alchemy, LLC, *et al.,*[1]<br><br>　　　Debtor. | Chapter 7<br><br>Case No. 16-11596 (JTD)<br>Jointly Administered<br><br>**Hearing Date:**<br>**May 17, 2022 at 10:00 a.m. (ET)**<br><br>**Objection Date:**<br>**April 7, 2022 at 4:00 a.m. (ET)** |

## STATEMENT OF FEES FOR PROFESSIONAL SERVICES RENDERED
## AND DISBURSEMENTS INCURRED BY KAUFMAN, COREN & RESS, P.C.
## AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, GEORGE L. MILLER

| | |
|---|---|
| Name of Applicant: | Kaufman, Coren & Ress, P.C. ("KCR") |
| Authorized to Provide Professional Services to: | Special Counsel to the Chapter 7 Trustee, George L. Miller |
| Date of Retention: | Order signed May 16, 2017, granting *nunc pro tunc* employment as of March 20, 2017 |
| Period for which compensation and reimbursement is sought: | October 23, 2021 through February 28, 2022 |
| Amount of Compensation sought as actual, reasonable and necessary: | $161,000.00[2] |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $14,425.42 |
| This is a ■ Interim □ Final □ Monthly Application | |

---

[1]　　The Debtors are: Our Alchemy, LLC, Case No. 16-11596 and Anderson Digital, LLC, Case No. 16-11597.

[2]　　KCR seeks and is entitled to a contingent fee of $161,000.00, calculated as follows: cumulative Financial Benefit of $460,000.00 X 35% ='s $161,000.00.

## SUMMARY OF PRIOR FEE APPLICATIONS

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 5/8/2018 | March 20, 2017 to April 30, 2018 | $196,000.00 | $87.83 | $196,000.00 | $87.83 |
| 9/21/2018 | May 1, 2018 to August 31, 2018 | $140,000.00 | $1,315.41 | $140,000.00 | $1,315.41 |
| 11/12/2019 | September 1, 2018 to October 31, 2019 | $189,045.19 | $11,233.42 | $189,045.19 | $11,233.42 |
| 10/27/2021 | November 1, 2019 to October 22, 2019 | $1,820,000.00 | $39,509.59 | $1,820,000.00 | $39,509.59 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Expense |
|---|---|---|
| Electronic Discovery | CS Disco, Inc. | $8,609.72 |
| Electronic Discovery Consultants | DFDR Consulting | $140.00 |
| Computer Assisted Legal Research | Westlaw | $5,675.70 |
| | **TOTAL:** | $14,425.42 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Our Alchemy, LLC, *et al.*,[1]<br><br>    Debtor. | Chapter 7<br><br>Case No. 16-11596 (JTD)<br>Jointly Administered<br><br>**Hearing Date:**<br>**May 17, 2022 at 10:00 a.m. (ET)**<br><br>**Objection Date:**<br>**April 7, 2022 at 4:00 a.m. (ET)** |

**FIFTH INTERIM APPLICATION FOR PAYMENT OF CONTINGENT FEE AND FOR REIMBURSEMENT OF COSTS AND EXPENSES OF KAUFMAN, COREN & RESS, P.C., AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, GEORGE L. MILLER, FOR THE PERIOD OF OCTOBER 23, 2021 THROUGH FEBRUARY 28, 2022**

Kaufman, Coren & Ress, P.C. ("KCR"), as special counsel to the Chapter 7 Trustee, George L. Miller, (the "Trustee") in the above-captioned Chapter 7 cases of Our Alchemy, LLC, *et al.*, hereby applies (the "Application") for payment of a contingent fee in the amount of $161,000.00 (calculated at 35% for each of the settlements to which this application relates), and reimbursement of expenses in the amount of $14,425.42 for the period from October 23, 2021 through February 28, 2022 (the "Application Period").

KCR files this Application under sections 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Under 11 U.S.C. § 330.

---

[1]    The Debtors are: Our Alchemy, LLC, Case No. 16-11596 and Anderson Digital, LLC, Case No. 16-11597.

3

In this Application, KCR seeks payment of a contingent fee of $161,000.00 and reimbursement of expenses in the amount of $14,425.42 for the Application Period.  In support of the Application, KCR respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief sought in this application are Bankruptcy Code §§ 328, 330, and 331.

## BACKGROUND

2.      George L. Miller is the duly appointed Chapter 7 Trustee (the "Trustee") of the Debtors Our Alchemy, LLC, and Anderson Digital, LLC.

3.      On July 1, 2016 (the "Petition Date"), Our Alchemy, LLC, and Anderson Digital, LLC, each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), with the cases being jointly administered under the caption, *In re Our Alchemy, LLC, et al.*, U.S.B.C. D. Del., Case No. 16-11596 (JTD) (collectively, the "Bankruptcy Case").

4.      On May 16, 2017, this Court entered an order authorizing the employment and retention of KCR as Special Counsel for George L. Miller, Chapter 7 Trustee *nunc pro tunc* from March 20, 2017 (the "Retention Order").  A true and correct copy of the Retention Order is attached hereto as Exhibit "A."  At all relevant times, KCR has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code (the "Code") and has not represented nor held any interest adverse to the interest of the Debtors or the Debtors' estates in connection with the matter for which KCR is engaged.

5.      The Retention Order approved the Trustee's application to employ KCR, pursuant to a "<u>Fee Agreement</u>" which provided, *inter alia*, as follows: KCR shall be entitled to receive a contingent fee in an amount equal to thirty-five percent (35%) of the "Financial Benefit" (as defined in the Fee Agreement) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtors.  A true and correct copy of the Fee Agreement is attached hereto as Exhibit "B."

6.      Pursuant to the Retention Order and Fee Agreement, the Trustee from the Debtor's estates shall be responsible to pay, and shall reimburse KCR for all out-of-pocket costs and expenses incurred in connection with the investigation and prosecution of litigation claims, including, but not limited to, costs and expenses for filing fees, expert fees and expenses, postage, travel, couriers, meals, lodging, court reporters, transcripts, secretarial overtime, document hosting fees, and any other expenses paid to third parties related to electronic discovery, and photocopying.

## <u>SUMMARY OF SERVICES</u>

7.      On behalf of the Trustee and the Debtors, KCR commenced an investigation and analysis into claims as relates to the Debtors' relationship with their former officers, directors, vendors, customers, attorneys, and other entities and individuals.  The investigation involved the collection, review, and analysis of multiple voluminous sources of debtor records and electronically stored information.

8.      KCR's investigation, analysis, and pursuit of adversary proceedings on behalf of the Trustee has led to numerous settlements, including those described below for which KCR now seeks a contingent fee and the reimbursement of expenses.

## <u>Settlement With Lyons</u>

9.      On June 29, 2018, the Trustee commenced an adversary proceeding in the Bankruptcy Court against Steve Lyons ("<u>Lyons</u>"), who has reached a settlement with the Trustee

(the "Lyons Settlement Agreement"), and certain other defendants that are not parties to the Lyons Settlement Agreement, some of whom have settled and some of whom have not (the "Non-Settling Defendants")[2], in a case styled *George L. Miller v. ANConnect, LLC, et al.*, 18-50633 (JTD), asserting causes of action against the Defendants for, *inter alia*, the avoidance and recovery of certain transfers by or on behalf of the Debtors under the Bankruptcy Code and Delaware Uniform Fraudulent Transfer Act, unjust enrichment, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and breach of contract (the "ANConnect Adversary Proceeding").

10.    Lyons vigorously defended the ANConnect Adversary Proceeding, filing a motion to dismiss—which was granted in part and denied in part—along with an Answer and Affirmative Defenses.

11.    Other Defendants filed motions to dismiss which were briefed and decided by the Bankruptcy Court, after which the parties engaged in document discovery.

12.    By Order entered June 7, 2021, the Bankruptcy Court approved The Hon. James Peck (the "Mediator") to conduct a private mediation of the ANConnect Adversary Proceeding.

13.    The Mediator received extensive submissions from the participating parties, conducted numerous pre-mediation conferences and arguments, and conducted an in-person mediation in New York City on September 28, 2021.

14.    The mediation with Judge Peck has resulted in several settlements, including one between the Trustee and Lyons.

---

[2] The Non-Settling Defendants include ANConnect, LLC; Anderson Merchandisers, LLC; Anderson Merchandisers Canada, Inc.; ARC Entertainment, LLC; Ardon Moore; and Bill Lee.

15.     The Lyons Settlement Agreement has been approved by the Bankruptcy Court, and Lyons has paid in full the required settlement proceeds of One Hundred Thousand Dollars ($100,000.00) (the "Lyons Settlement Payment").

### Settlement With Thor

16.     Freyr Thor ("Thor"), also a defendant in the ANConnect Adversary Proceeding participated in the mediation with Judge Peck, and post-mediation reached a settlement with the Trustee (the "Thor Settlement Agreement") which was approved by the Bankruptcy Court on March 3, 2022.

17.     As set forth in the Thor Settlement Agreement, Thor shall pay to the Trustee the total sum of One Hundred Thousand Dollars ($100,000.00) (the "Thor Settlement Payment") in two installment payments—with $25,000.00 due within ten days of the date on which the order approving the Thor Settlement becomes final, and the remaining $75,000.00 due on or before May 31, 2022.[3]

### Settlement With Stroock

18.     On June 29, 2018, the Trustee commenced an adversary proceeding in the Bankruptcy Court against Stroock & Stroock & Lavan LLP ("Stroock") in a case styled *George L. Miller v. Stroock & Stroock & Lavan LLP*, 18-50630 (JTD) (the "Stroock Adversary Proceeding"), in which the Trustee asserted claims against Stroock for, *inter alia*, the avoidance and recovery of transfers under the Bankruptcy Code and state law.

19.     Stroock denied liability in the Stroock Adversary Proceeding.

---

[3] The Thor Settlement Agreement provides that, should Thor not pay the full amount of the Settlement Payment by May 31, 2022, the Settlement Payment shall increase to $150,000.00.

20.     By Order entered May 31, 2019, the Bankruptcy Court appointed Maria Aprile Sawczuk, Esquire (the "Stroock Mediator") to conduct a mediation of the Stroock Adversary Proceeding.

21.     The Stroock Mediator received submissions from the participating parties and conducted a mediation via Zoom on January 11, 2022.

22.     The mediation with Attorney Sawczuk and subsequent discussions between Stroock and the Trustee resulted in a settlement between Stroock and the Trustee (the "Stroock Settlement Agreement") with respect to which a 9019 Motion to approve the settlement is pending before the Bankruptcy Court.

23.     As set forth in the Stroock Settlement Agreement, Stroock shall pay to the Trustee the sum of Two Hundred Sixty Thousand Dollars ($260,000.00) (the "Stroock Settlement Payment").

## RELIEF REQUESTED

### Contingent Fees

24.     KCR submits that all services for which it seeks compensation were performed for, or on behalf of, George L. Miller, Chapter 7 Trustee.

25.     The efforts put forth and the activities engaged in by KCR as Special Counsel to the Trustee include, but are not limited to, the following:

a.     KCR's expenditure of more than 4,700 hours of attorney time and 160 hours of paralegal time from inception through February 28, 2022, with a time value based on KCR's normal billing rates, of $1,962,877.00 (the hours expended by attorney and the time value of services at KCR's normal billing rates are reflected on Exhibit "C" attached hereto);

b.     Conducting a substantial investigation into the claims in dispute;

c.     Reviewing and analyzing numerous sources of information obtained from the Debtors, the parties to the ANConnect Adversary Proceeding, Stroock, and various third parties;

d.      Numerous telephone conferences, face-to-face meetings, and correspondence on all aspects of the investigation;

e.      Researching numerous legal issues;

f.      Preparation and filing of the ANConnect Adversary;

g.      Preparation and filing of the Stroock Adversary;

h.      Partially defeating the Motion to Dismiss filed by Lyons;

i.      Defeating in substantial part Motions to Dismiss filed by numerous other defendants in the ANConnect Adversary;

j.      Conducting extensive documentary discovery in the ANConnect Adversary and the Stroock Adversary, including the review of more than 200,000 pages of documents; and

k.      Engagement in mediation and settlement negotiations over a period of months resulting in the settlements with Lyons, Thor, and Stroock with respect to which KCR now seeks a contingent fee.

26.      In accordance with the Fee Agreement, KCR is entitled to a contingent fee equal to thirty-five percent (35%) of the "Financial Benefit" recovered or obtained by or on behalf of the Trustee and/or the Debtors in connection with the Litigation Claims.  For purposes of determining KCR's contingent fee, the Financial Benefit is the cumulative amount of the Lyons Settlement Payment, Thor Settlement Payment, and Stroock Settlement Payment, i.e., $460,000.00.

27.      Accordingly, KCR seeks and is entitled to a contingent fee of $161,000.00, calculated as follows: total Financial Benefit of $460,000.00 X 35% ='s $161,000.00.

28.      KCR agrees that its entitlement to the total amount of the requested contingent fee is conditioned upon the Bankruptcy Court's approval of the Stroock Settlement Agreement and the Trustee's receipt of the full amount of the Lyons, Thor, and Stroock Settlement Payments.

29.      In accordance with 11 U.S.C. Section 328 and the factors enumerated in 11 U.S.C. Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by KCR is fair and reasonable given (a) the preapproval of the terms and conditions of the

engagement, (b) the complexity of the investigation and Adversary Proceedings, (c) the time expended, (d) the nature and extent of the services rendered, (e) the value of such services, (f) the costs of comparable services other than in a case under this title, and (g) the recovery of an additional $460,000.00 on behalf of the Trustee and the Debtors.

### Actual and Necessary Expenses

30.     A summary of actual and necessary expenses incurred/paid by KCR for the Application Period is attached hereto as Exhibit "D."  On-line legal research (Westlaw) is charged to clients at KCR's discounted cost.  The standard cost of Westlaw research sessions is discounted each month by allocating the savings realized during that month pursuant to special contracts KCR has negotiated with Westlaw.

31.      KCR believes that the charges for which it seeks payment/reimbursement are in accordance with the American Bar Association ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Local Rules 2016-2 Certification

32.     KCR hereby certifies that it has reviewed the requirements of Rule 2016-2 of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and that this Application and the exhibits attached hereto substantially comply with Bankruptcy Rules 2016-2.  KCR further certifies that it has not included Local Form 102 but has instead included the information sought by that form in the body of this Application or in the attachments to the Application.

WHEREFORE, Kaufman, Coren & Ress, P.C., respectfully requests: (a) that it be awarded a contingent fee of $161,000.00 as provided in this Application; (b) that it be allowed

reimbursement/payment of expenses in the amount of $14,425.42 for the period from October 23, 2021 to February 28, 2022; and (c) that the Court authorize and direct the Trustee to pay Kaufman, Coren & Ress, P.C. the amounts approved by and consistent with the Order of the Court.

**COZEN O'CONNOR**

Date: March 16, 2022        By:    */s/ John T. Carroll, III*
                                   John T. Carroll, III (DE No. 4060)
                                   1201 N. Market Street
                                   Suite 1001
                                   Wilmington, DE 19801
                                   Tel: (302) 295-2028
                                   jcarroll@cozen.com

                                   *Counsel to the Chapter 7 Trustee,*
                                   *George L. Miller*

                                   **KAUFMAN, COREN & RESS, P.C.**
                                   Steven M. Coren, Esquire, *admitted pro hac vice*
                                   Two Commerce Square, Suite 3900
                                   2001 Market Street
                                   Philadelphia, PA 19103
                                   Tel: (215) 735-8700

                                   *Special Counsel to the Chapter 7 Trustee,*
                                   *George L. Miller*