# EXHIBIT "B"

## FEE AGREEMENT

THIS FEE AGREEMENT is entered into as of the 20th day of March 2017, by and between GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of the Bankruptcy Estates of Our Alchemy, LLC and Anderson Digital, LLC (the "Trustee"), and KAUFMAN, COREN & RESS, P.C. ("KC&R"), a professional corporation engaged in the practice of law with offices at Two Commerce Square, 2001 Market Street, Suite 3900, Philadelphia, Pennsylvania 19103.

## BACKGROUND OF AGREEMENT

A.  Our Alchemy, LLC, and Anderson Digital, LLC (collectively, the "Debtors") are Chapter 7 debtors in bankruptcy proceedings pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), being jointly administered under the caption, *In re: Our Alchemy, LLC et al.*, U.S.B.C. D. Del. Case No. 16-11596 (KG) (the "Bankruptcy Proceeding"). The Trustee is the court-appointed Chapter 7 Trustee of the Debtors.

B.  The Trustee desires to engage KC&R as special counsel.

C.  KC&R has agreed to accept the engagement and to represent the Trustee and the Debtors' estates, in accordance with the terms and conditions herein set forth, subject to Bankruptcy Court approval.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, the parties agree as follows:

**1.   Incorporation of Background Paragraphs.**

Background Paragraphs A. through C. above are incorporated herein in full and made a part hereof as if set forth herein in full.

**2.   Engagement of KC&R.**

2.1  Subject to the limitation stated in the next to last sentence of Section 2.2 below, the Trustee hereby retains and engages KC&R and KC&R hereby accepts the engagement as special counsel: (i) to investigate various transactions, relationships, dealings, accounts, transfers and agreements by, between, among or with respect to the Debtors, and their customers, vendors, suppliers, service providers, or other third-parties (as requested by the Trustee), (ii) to pursue, prosecute and/or settle any claims or matters as the Trustee shall desire with respect to any claims, causes of action or other theories of recovery against, among others, the parties identified in Section 2.2 below, relating to the described transactions or other matters identified by the Trustee (collectively, the "Litigation Claims"), including claims for the avoidance and/or recovery of preferences, unpaid accounts receivable, monies due and owing, fraudulent conveyances and/or other affirmative claims; (iii) to assist the Trustee in the preparation of necessary applications, complaints, answers, orders, reports and all other pleadings or filings with respect to the Litigation Claims; and, (iv) to provide any and all other legal services to the Trustee which may be necessary or desirable with respect to the Litigation Claims.

2.2     SunTrust, as administrative agent for the lenders under the Debtors' pre-petition revolving loan and term loan agreement (the "Lender Group"), has consented to the Trustee's engagement of KC&R to pursue claims and collection efforts with respect to accounts receivable and other sums allegedly due and owing to the Debtors by Best Buy, Target, Walmart, Costco and their affiliates (the "Initially Designated Accounts Receivable Collateral"). KC&R shall not pursue any claims (including Litigation Claims) or collection efforts to recover additional Lender Group collateral due and owing to the Debtors, or other matters relating to such collateral, without the prior written consent of the Lender Group. As relates to KCR's pursuit of Litigation Claims that do not seek recovery on account of Initially Designated Accounts Receivable Collateral (or additional Lender Group Collateral), no approval of the Lender Group shall be required, provided, however, that the Lender Group reserves a limited right to promptly object on the basis of an actual conflict of interest with respect to KC&R's pursuit of one or more other matters on behalf of the Trustee.

3.     **Compensation for Investigation and Pursuit of Litigation Claims.**

3.1     The Trustee hereby agrees that KC&R will be compensated for its services on a contingent fee basis, as follows:

(i)     KC&R shall be entitled to receive a contingent fee equal to Thirty-Five Percent (35%) of the "Financial Benefit" (as defined in Section 3.1(ii) below) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtors' estates in connection with the Litigation Claims, whether recovered by final/non-appealable settlement, judgment, order or otherwise;

(ii)     For purposes of this section 3.1, the "Financial Benefit" recovered by or on behalf of the Trustee and/or the Debtors' estates shall include all monies received or recovered (including all sums received on account of compensatory damages, punitive damages, and attorneys' fees) and the fair market value of all other property recovered or received; and.

(iii)     Notwithstanding the foregoing, the value of any claim or debt reduction shall not constitute a "Financial Benefit" for purposes of determining KC&R's contingent fee in any matter relating to the Lender Group's collateral; with respect to matters not relating to the Lender Group's collateral, debt reduction may be considered in determining such Financial Benefit; however, for the avoidance of doubt, such claim reduction shall not translate to a dollar-for-dollar Financial Benefit and, instead, such Financial Benefit shall be determined based upon the incremental improvement in distributions made to the estates' creditors.

3.2     The parties hereto acknowledge that the Trustee may seek a section 363 sale of collateral including the Initially Designated Accounts Receivable Collateral. In the event of a section 363 sale of the Initially Designated Receivable Collateral within three (3) months of the execution of this Fee Agreement, then, rather than receiving a contingent fee based on the sale price of the Initially Designated Receivable Collateral, KC&R shall be compensated for its efforts on an hourly basis, based on its customary hourly rates (the "Hourly Fees"), Steven M. Coren, Esquire, the KC&R founding shareholder who will lead KC&R's engagement, has an hourly rate of $800.00, and the hourly rates of other KC&R attorneys range from $225.00 to $750.00. In the event of the closing on a section 363 sale of Initially Designated Receivable

Collateral to the Lender Group (or its designee), KC&R will share with such buyer all non-privileged information (and, to the extent that the Common Interest Agreement effective as of January 18, 2017 between the Trustee and the Lender Group has not been terminated, all privileged information) gathered and any analyses prepared by KC&R relating to KC&R's efforts to investigate the claims at issue.

**4.     Payment of Costs and Expenses.**

The Trustee, from funds available in the Debtors' estates, shall reimburse KC&R for all reasonable and documented out-of-pocket costs and expenses incurred in connection with the investigation and prosecution of the Litigation Claims, including, but not limited to, costs and expenses for filing fees, expert fees and expenses, outside consultant fees and expenses, postage, travel, couriers, meals, lodging, court reporters, transcripts, secretarial overtime, document hosting fees, and any other expenses paid to third parties related to electronic discovery, and photocopying.

**5.     Miscellaneous.**

5.1     Binding Nature of Agreement. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective trustees, personal representatives, successors and assigns.

5.2     Entire Agreement. This Agreement contains the entire understanding and agreement of and between the parties with respect to the subject matter hereof, and supersedes all prior and contemporaneous agreements and understandings, inducements or conditions, express or implied, oral or written, except as specifically provided herein. This Agreement may not be modified or amended other than by an agreement in writing signed by all of the parties hereto.

5.3     Right to Withdraw. KC&R shall have the right and option to withdraw its representation, subject to Bankruptcy Court approval, in the event that facts come to its attention which lead KC&R to conclude that the Litigation Claims should not be pursued.

5.4     Receipt of Agreement. The Trustee hereby acknowledges receipt of a duplicate copy of this Fee Agreement.

5.5     Partial Invalidity. Should any one or more of the provisions of this Agreement be held, for any reason, to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Agreement, this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein, and this Agreement shall be construed to modify, limit and amend any such invalid, illegal or unenforceable provision(s) so as to be enforceable to the extent compatible with the applicable law as it shall then appear.

5.6     Headings Not Part of Agreement. Any headings preceding the text of any of the sections or subsections of this Agreement are inserted solely for convenience of reference and shall not constitute a part of this Agreement and therefore shall not affect its interpretation.

LEGAL\30094395\1 00601.0823.000/390810.000
04/19/2017

5.7  Applicable Law.  This Fee Agreement shall be governed by Delaware law, except to the extent that federal law applies.

5.8  Fee Agreement to be Submitted for Court Approval.  The parties acknowledge and agree that this Fee Agreement shall be submitted for the approval of the Bankruptcy Court in the Bankruptcy Proceeding as part of an application to employ KC&R as special counsel. In the event that the Bankruptcy Court does not approve this Fee Agreement, then this Fee Agreement shall be rendered null and void, and KC&R shall have no obligation to represent the Trustee or the Debtors' estates.  In the event that the Bankruptcy Court approves the application to employ KC&R, such approval shall constitute preapproval of the terms of compensation set forth in this Fee Agreement under 11 U.S.C. Section 328(a).  Notwithstanding the contingent fee arrangement set forth in this Fee Agreement, KC&R shall record its time on the engagement. In the event that KC&R is due Hourly Fees pursuant to section 3.2 above rather than contingent fees, KC&R's application requesting the payment of Hourly Fees and the reimbursement of expenses shall be subject to review under 11 U.S.C. Section 330.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as of the day and year set forth above.

*/s/ George L. Miller*
_____
**GEORGE L. MILLER,
CHAPTER 7 TRUSTEE FOR
DEBTORS OUR ALCHEMY, LLC AND
ANDERSON DIGITAL, LLC**


**KAUFMAN, COREN & RESS, P.C.**

*/s/ Steven M. Coren*
_____
**By: Steven M. Coren, V.P.**

4