# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| OUR ALCHEMY, LLC, *et al.*,[1] | Case No. 16-11596-JTD |
| *Debtors*. | Jointly Administered |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC, | Adv. Pro. No. 18-50633-JTD |
| | Related Doc. Nos. 171, 201 |
| *Plaintiff*, v. | |
| ANCONNECT, LLC, *et al.*, | |
| *Defendants*. | |

## STATUS REPORT AND JOINT REQUEST FOR
## CONFERENCE CONCERNING SCHEDULING

I, John T. Carroll, III, counsel for Plaintiff, George L. Miller, in his capacity as Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC (the "Estates" or "Debtors") hereby submit the following Status Report and Joint Request For Conference Concerning Scheduling on behalf of the Trustee and ANConnect, LLC and Anderson Merchandisers, LLC (the "Answering Defendants"), the remaining Defendants which have filed an appearance in this matter. The Trustee and the Answering Defendants certify as follows in support of their joint request for a

---

[1] The Debtors are: Our Alchemy, LLC, Case No. 16-11596 and Anderson Digital, LLC, Case No. 16-11597.

1

LEGAL\57608900\1 00601.0823.000/390810.000

conference concerning scheduling in the above-captioned adversary proceeding (the "Original Adversary"):

1. On December 4, 2020, this Court entered an Order setting pretrial deadlines in the above-captioned matter (the "Scheduling Order," D.I. 171).

2. On June 7, 2021, this Court entered an Order Authorizing Mediation and Modifying Scheduling Order (the "Mediation Order," D.I. 201), approving a private mediation of the Original Adversary with the Honorable James Peck (the "Mediation") and modifying the Scheduling Order to allow time for the Mediation.

3. As a result of the Mediation and discussions held thereafter, the Trustee has reached settlements with the other defendants who have filed Answers in the Original Adversary, i.e., the Virgo Defendants[2] (settlement approved 11/17/2021, D.I. 211), Steve Lyons (settlement approved 11/17/2021, D.I. 210), and Freyr Thor (settlement approved 3/3/2022, D.I. 230).

4. On December 29, 2021, the Trustee commenced a new adversary proceeding against ANConnect, LLC and certain of its affiliates and persons (collectively with Anderson Merchandisers, LLC, the "Anderson Defendants"), captioned *Miller v. Anderson Media Corporation, et al.*, Bankr. D. Del. Adv. No. 21-51420-JTD (the "Second Adversary"). In the Second Adversary, the Trustee asserts claims for fraudulent transfer against non-Debtor ANConnect and breach of fiduciary duty against certain persons identified as defendants therein. The Anderson Defendants in the Second Adversary dispute the allegations in the Second

---

[2] The Virgo Defendants are: Virgo Investment Group, LLC; Virgo Societas Partners, LLC; Virgo Societas Partnership III (Onshore), L.P.; Virgo Societas Partnership III (Offshore), L.P.; Virgo Service Company, LLC; OA Investment Partners, LLC; OA Investment Holdings, LLC; Jesse Watson; Mark Perez; and Todd Dorfman.

Adversary and, on January 28, 2022, filed a motion to dismiss all claims raised therein on the basis, among others, of the running of the statute of limitations and lack of standing by the Trustee.

5. In the Trustee's view, the Second Adversary concerns transfers separate and apart from those which are challenged in the Original Adversary and the Second Adversary is related to the Original Adversary only to the extent that it will provide a means for recovery against potentially solvent entities and individuals should the Answering Defendants be unable to satisfy any judgment which may be issued against them in the Original Adversary. Accordingly, having narrowed the scope of remaining defendants and claims in the Original Adversary and with the Second Adversary involving claims and issues distinct from those in the Original Adversary, the Trustee respectfully requests that the Court revise the Scheduling Order in the Original Adversary to provide for discovery to resume immediately and to allow the Trustee and the Answering Defendants additional time to complete fact and expert discovery. The Trustee's proposed modified scheduling order is attached hereto as Exhibit A.

6. The Answering Defendants are opposed to having any discovery resume in the Original Adversary until the Court decides a motion for summary judgment filed by the Answering Defendants in the Original Adversary (the "Summary Judgment Motion"), which was fully briefed as of October 13, 2020 (*see* ECF Nos. 142, 143, 145, 151, 157, 158, 160). The Answering Defendants believe that it would be an inefficient and unnecessary use of their resources and time to conduct further discovery until the Summary Judgment Motion is decided and the remaining scope of the Original Adversary is determined because (1) the Summary Judgment Motion was filed substantially prior to the mediation and was based exclusively on records of the Debtor that were in the possession, custody, and control of the Trustee years before he commenced the Original Adversary and (2) the Trustee's requests under Fed. R. Civ P. ("Federal Rule") 56(d) is insufficient

to establish a basis for this Court to defer ruling on the merits of the Summary Judgment Motion. *See* the Answering Defendants' Reply in Support of the Summary Judgment Motion, D.I. 157, pp 2-8.

7. As stated in further detail in his brief in opposition to the Summary Judgment Motion, the Trustee's position is that the motion is premature and that further discovery must occur before the motion can be resolved. While some discovery occurred after the Summary Judgment Motion was briefed and before the parties conducted a private mediation of the Original Adversary, the parties have not yet conducted depositions or expert discovery, which – along with additional documentary discovery – was deferred pending mediation.

Accordingly, the Trustee and the Answering Defendants respectfully request a telephonic conference with the Court to address and facilitate the Court's resolution of their conflicting positions regarding the status of discovery in the Original Adversary.

Dated: April 20, 2022                                        **COZEN O'CONNOR**

/s/ *John T. Carroll, III*
John T. Carroll, III (DE Bar No. 4060)
1201 North Market Street
Suite 1001
Wilmington, DE 19801
Tel: (302) 295-2028
Fax: (302) 295-2013
jcarroll@cozen.com

LEGAL\57608900\1 00601.0823.000/390810.000

-and-

**KAUFMAN, COREN & RESS, P.C.**
Steven M. Coren, Esq. (pro hac vice)
Benjamin M. Mather, Esq. (pro hac vice)
Andrew J. Belli, Esq. (pro hac vice)
Two Commerce Square
2001 Market Street, Suite 3900
Philadelphia, PA 19103
Tel: (215) 735-8700
Fax: (215) 735-5170
scoren@kcr-law.com
bmather@kcr-law.com
abelli@kcr-law.com

*Counsel for Plaintiff*
*George L. Miller, Ch. 7 Trustee*